GARRETT SMITH, Plaintiff, *v.* COMPANIA LITOGRAFICA DE LA HABANA, Defendant.
Defendant.

Supreme Court, Kings Special Term, August, 1923.

Process — service of summons on foreign corporation — when doing business within the state — withdrawal from state business not completed.

Where a foreign corporation doing business in this state withdraws therefrom its former managing agent or its entire staff of representatives the corporation for the purpose of sustaining the jurisdiction of the state courts over it in regard to controversies affecting the corporation activities in this state initiated prior to the period of withdrawal is still doing business in this state, and where on the day the service of the summons in an action was made on an officer of the corporation the withdrawal of the defendant from doing business in this state was not complete, the service is valid and a motion to set aside the same will be denied.

MOTON to vacate service of summons.

*Lucius L. Gilbert* (*Henry Woog,* of counsel), for plaintiff.

*Sullivan & Cromwell* (*William F. Corliss,* of counsel), appearing specially for defendant.

CARSWELL, J. The motion is to vacate the service of the summons upon one Perez as an officer of the defendant, a foreign corporation. It was conceded upon the argument that the only question involved herein was whether the defendant was doing business within this state on the day service was made. Apart from this concession, it appears that Perez is interchangeably called the vice-director and the vice-president; consequently his position as vice-director is that of an officer performing corresponding functions to a vice-president.

The answer to the question involved here is partly to be found in the application of the principle stated in *Tauza* v. *Susquehanna Coal Co.,* 220 N. Y. 259, 268: "All that is requisite is that enough [business] is done to enable us to say that the corporation *is* here." There is no doubt that this defendant was doing business in this state within the principle of the *Tauza* case and kindred authorities during the several year period that the plaintiff Smith was representing it.. His activities on its behalf were not casual, but were systematic and regular. They resulted in innumerable contracts being made with New York concerns, as well as elsewhere in the United States and also resulted in these contracts being in the course of performance during the time he represented them, which was until early this year.

It appears from the affidavits, not only of the defendant but of the plaintiff, that many of these contracts are still in the course of performance. Giving to the activities of the defendant in this state the aspect most favorable to it, upon the day service was made herein, and even up to the present time, defendant was in the course of ceasing to do business in this state in the manner in which it formerly did business through Smith, the plaintiff. It has not completed that transition. The question then presents itself whether the defendant is properly to be held to be doing business in this state to a degree that will sustain service of this court's process during this transition period. The courts of this state have always been more liberal in sustaining service of the court process upon officers of foreign corporations found within its borders than the United States Supreme Court has heretofore been. Recently the Court of Appeals of this state receded from its position and brought itself in harmony with the United States Supreme Court rulings on the subject of the service of process on foreign corporations. *Dollar Co.* v. *Canadian C. & F. Co.*, 220 N. Y. 270. Any federal decisions, therefore, that are pertinent to the situation herein, being those of a court that has been less liberal than our state courts have heretofore been on the subject, should be given full effect in situations paralleling the ones they have passed on. It has been held repeatedly in the federal courts that service upon a foreign corporation in a state will be held valid, even after the corporation has withdrawn its former managing agent or its entire staff of representatives from the state, but where it has not as yet wound up the business that the former agent or staff initiated. In other words, that during the transition period the corporation is still doing business in the state, for the purpose of sustaining the jurisdiction of the state courts over it, in regard to controversies affecting the corporation's activities in the state initiated prior to the period of withdrawal. *Connecticut Mutual Life Ins. Co.* v. *Spratley*, 172 U. S. 602; *American Locomotive Co.* v. *Dickson Mfg. Co.*, 117 Fed. Rep. 972; *McCord Lumber Co.* v. *Doyle*, 97 id. 22; *Johnston* v. *Mutual Reserve Fund L. Ins. Co.*, 104 App. Div. 550. Such a holding is rooted in sound and substantial considerations of justice. A foreign corporation that has in fact done business in the state should, where personal service is possible, be required to litigate here with respect to such business initiated during the period of active solicitation of the business in a systematic way, where residents of the state are involved in such incomplete matters and desire to do so. In other words, if the

foreign corporation is to be held to be still doing business in this state on behalf of the customers who contracted during the pre-withdrawal period, the foreign corporation should correspondingly be held to be still here with respect to its former managing agent who negotiated the contracts, the incomplete performance of which require the holding, in the customer's cases, that the foreign corporation is still here. That is the situation of this plaintiff. Accordingly, the withdrawal of the defendant from doing business within this state not being complete on the day service was made on Perez, it was still subject to New York process. The motion to vacate the service of the summons is denied, with costs.

Ordered accordingly.