21843. STERLING MATERIALS COMPANY, INC. v. McKINLEY et al.

MOBLEY Justice. 1. When a pleading is considered on demurrer it is construed against the pleader in light of his omissions as well as his averments; his failure to allege essential facts and his reliance upon allegations short of such facts will be construed to mean the absence of such essential facts. *Hulsey v. Interstate Life &c. Ins. Co.*, 207 Ga. 167 (2) (60 SE2d 353). Specific allegations will control over general allegations. *Jackson v. Copeland*, 217 Ga. 420, 422 (122 SE2d 573). Good pleading requires the pleader to state ultimate facts rather than legal conclusions. *City of Carrollton v. Walker*, 215 Ga. 505, 509 (111 SE2d 79). "All necessary jurisdictional facts must be clearly and distinctly set out in the petition, and their absence may be taken advantage of by demurrer." *Dutton v. Freeman*, 213 Ga. 445, 449 (99 SE2d 204).

2. It is essential to a legal rendition of a personal judgment against a foreign corporation otherwise than by its voluntary appearance that the corporation be doing business within this State in such a manner and to such an extent as to warrant the inference that it is present in the State. *Vicksburg, Shreveport & Pacific R. v. DeBow*, 148 Ga. 738 (1) (98 SE 381); *Southeastern Distributing Co. v. Nordyke & Marmon Co.*, 159 Ga. 150, 157 (125 SE 171). When the question is one of the jurisdiction of the courts of this State to render a personal judgment against a foreign corporation in an action brought with reference to a business transaction initiated by the taking of an order in Georgia by an agent of the corporation, the term "doing business" will not be extended to include a single, isolated business transaction but rather will be limited to the engagement for profit in some practice repeatedly or with the intention that the practice be repeated. *Allied Finance Co. v. Prosser*, 103 Ga. App. 538, 541 (119 SE2d 813); 23 Am. Jur. 353-356, Foreign Corporations, § 370. See *Redwine v. U. S. Tobacco Co.*, 209 Ga. 725, 728 (75 SE2d 556).

3. Where, as here, a defendant files his equitable cross-action and has a third person made a defendant, praying that any amount the plaintiff recovers against him be decreed over against the third person, and in such cross-action the defendant alleges that the third party defendant "is a foreign corporation not domesticated in the State of Georgia, and has no office, place of business, nor agent in said State upon whom service can be perfected, but under and by virtue of the foregoing facts and circumstances is subject to the jurisdiction of this court and . . . service can be perfected upon it by serving the Secretary of State of the State of Georgia [pursuant to *Code Ann.* §§ 22-1507 through 22-1512]," and such "foregoing facts and circumstances" as alleged are that such third party defendant "was engaged in doing business in the State of Georgia," and that "on or about January 13, 1959, in Greensboro, Greene County, Georgia, said Sterling Materials Company, Inc., acting by and through its agent and representative, procured from defendant an order for certain paints and materials," these allegations when considered against Sterling's demurrers on the grounds that "no facts are alleged to give this court jurisdiction of Sterling" and further that "no facts are alleged to show that Sterling . . . was doing business in the State of Georgia and that [defendant] does not allege where, in the State of Georgia, Sterling . . . was engaged in business and does not allege what business Sterling . . . was engaged in and any other fact to constitute doing business in the State of Georgia," must be construed to mean that the only business being done in Georgia was that business specifically alleged, which constituted but one isolated business transaction initiated in Greene County, Georgia, which isolated business transaction does not amount to doing business within this State in the sense necessary to subject the third party defendant to a personal judgment by the courts of this State.

4. The trial court erred in overruling Sterling's demurrers to the jurisdiction of the court.

*Judgment reversed. All the Justices concur.*

Submitted November 14, 1962—Decided January 16, 1963.

576

*Lawson E. Thompson,* for plaintiff in error.
*Weldon C. Boyd,* contra.