41044. NATIONAL ACCEPTANCE COMPANY OF
AMERICA v. SPILLER & SPILLER, INC.

DECIDED FEBRUARY 16, 1965—REHEARING DENIED
MARCH 11, 1965.

*Nolan B. Harmon, N. Bruce Schimberg, Schimberg, Green-
berger, Krauss & Jacobs,* for plaintiff in error.

*Lipshutz, Macey, Zusmann & Sikes, John M. Sikes, Jr.,* contra.

HALL, Judge. The question presented to this court is whether
the evidence before the trial court showed without contradiction
that the Delaware corporation was doing business in this State
so as to give our courts jurisdiction of the present action against

it.  The evidence showed that the business of the Delaware corporation was commercial financing throughout the United States, and we gather that this business, in its simplest terms, is contracting to lend and advance money to other business enterprises upon adequate security.

Before the organization of the Georgia corporation, in which the Delaware corporation owns all the stock, the Delaware corporation had maintained an office in Atlanta and had entered into commercial financing contracts in the State.  After the organization of the Georgia corporation the Delaware corporation ceased contracting in Georgia, and the Georgia corporation now contracts on its own behalf for commercial loans with business organizations in Georgia.  The normal activities of the business of both companies includes examining the books, records, property and perhaps the production methods of prospective customers, i.e., borrowers, and of existing customers who desire to increase their borrowings for the purpose of evaluating the collateral security the customer is able to give and the customer's potentialities for operating at a profit or a loss.  The examining functions are performed for both the Delaware corporation and the Georgia corporation by employees of the Delaware corporation.  Also a regular, systematic, and continuing activity is the servicing of the accounts of customers to whom loans have been made.  This includes obtaining from customers from day to day or week to week assignments of accounts receivable as collateral security for loans, collecting payments on these accounts receivable and payments on loans secured by other property, and disbursing to customers loan proceeds and advances.  The Georgia corporation, through its employees, acts as the agent of the Delaware corporation in servicing the accounts of the Delaware corporation's customers in several southeastern states, and the accounts of the Delaware corporation's Georgia customers that originated before the Georgia corporation was organized.  It performs the same function on its own behalf for its own Georgia customers.  About half of the work of the Atlanta office of the Georgia corporation is devoted to servicing accounts for itself and half to servicing accounts for the Delaware corporation.  Bank accounts of the Delaware corporation

are maintained in Atlanta and in these collections from the Delaware corporation's collateral securities (accounts receivable) and payments on loans are deposited, and from these bank accounts loans and advances to the Delaware corporation's customers are disbursed, checks being signed by either Atlanta officials of the Georgia corporation or officials of the Delaware corporation in Chicago.

It appears that in the commercial financing business of these corporations the servicing of accounts is indispensable. It is the means of protecting their security and assuring payment of their loans and maintaining a profitable financing business. It is of the essence of the business. The servicing of the accounts of the Georgia customers of the Delaware corporation, performed for it by the Georgia corporation, constitutes doing business in Georgia by the Delaware corporation so as to give our courts jurisdiction of the present action which arose out of the business relations of the Delaware corporation with one of its Georgia customers. We so hold even though the evidence does not show that the Delaware corporation, either directly or through the agency of the Georgia corporation, enters into any contracts in Georgia. Accord *Sterling Materials Co. v. McKinley*, 218 Ga. 574 (129 SE2d 770); *Kirkland v. Atchison, Topeka &c. R. Co.*, 104 Ga. App. 200 (121 SE2d 411); International Shoe Co. v. Washington, 326 U.S. 310, 319 (66 SC 154, 90 LE 95); Pennsylvania Lumbermen's Mut. Fire Ins. Co. v. Meyer, 197 U.S. 407, 415 (25 SC 483, 49 LE 810); Shealy v. Challenger Mfg. Co., 304 F2d 102, 104 (4th Cir. 1962); Smith v. Compania Litografica de la Habana, 201 NYS 65 (121 Misc. Rep. 368); 23 Am. Jur. 367, § 375; 20 CJS 154, § 1920 (b); Note 21 NYUL Rev. 442.

While there were other facts in evidence that could influence a determination that the Delaware corporation was doing business in Georgia, these servicing activities performed for it by the Georgia corporation alone are sufficient.

It follows that service on the manager of the Georgia corporation's Atlanta office, who supervised the servicing of accounts, was good service on the Delaware corporation.

No issue is raised in this case that it would offend the due process clause of the Fourteenth Amendment of the United

States Constitution to hold that the Delaware corporation's activities in Georgia subject it to the jurisdiction of the Georgia courts. We note, however that the evidence concerning the servicing activities shows without contradiction that the Delaware corporation had "certain minimum contacts" in the State "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" See International Shoe Co. v. Washington, 326 U.S. 310, 316, supra.

The cases relied on by the Delaware corporation, including *Davis v. Metropolitan Life Ins. Co.*, 196 Ga. 304 (26 SE2d 618), and Cannon Mfg. Co. v. Cudahy Packing Co., 267 U.S. 333 (45 SC 250, 69 LE 634), are not controlling because of the different facts and subject matters involved.

The trial court did not err in granting summary judgment for the plaintiff on the issues raised by the Delaware corporation's plea to the jurisdiction and traverse of service.

*Judgment affirmed. Bell, P. J., and Frankum, J., concur.*