## 42438. BUCKHEAD DOCTORS' BUILDING, INC. v. OXFORD FINANCE COMPANIES, INC. et al.

ARGUED NOVEMBER 7, 1966—DECIDED JANUARY 6, 1967—REHEARING DENIED JANUARY 19, 1967—

54

*Moreton Rolleston, Jr.,* for appellant.

*Sutherland, Asbill & Brennan, Laurens Walker, D. Robert Cumming, Jr., Robert B. Harris, Robert Coleman,* for appellees.

HALL, Judge. The plaintiff's argument in essence is that, in providing that by serving process on the Secretary of State process may be served on a foreign corporation "which shall do business in this State or which shall do any act in the State while doing business herein which may subject it to liability to any person" (Ga. L. 1946, pp. 687, 688; *Code Ann.* § 22-1507), the Georgia legislature intended that, for the purpose of being served with actions brought in the Georgia courts, foreign corporations were to be considered as doing business in the state when they had incurred liability to any person as a result of any activities in the state, or when they had carried on any activity which could be defined as doing business without offending the due process clause of the United States Constitution as interpreted by the United States Supreme Court.

The issue presented by this appeal is whether by the 1946 enactment the legislature intended to enlarge the meaning of "doing business," so that it covers such activities as Oxford engaged in. We may assume for the purpose of this opinion, but do not decide, that it would be constitutionally permissible for Georgia by law to give its courts jurisdiction over a corporation which had such activities in Georgia as Oxford had. McGee v. International Life Ins. Co., 355 U. S. 220, 223 (78

SC 199, 2 LE2d 223). See *Sterling Materials Co. v. McKinley*, 218 Ga. 574 (129 SE2d 770). Before 1946 the Georgia courts had held that a foreign corporation was not "doing business" in Georgia when its only activities were that it had in Georgia and paid the expense of maintaining an office for a salaried employee called a mortgage loan correspondent who secured and submitted loan applications that were passed on in the corporation's office in Virginia, the employee having no authority to make any agreements or create any obligations for the corporation with reference to the loans. It made the loans and charged the commissions to the borrowers, and closed all loans procured by the loan correspondent through its attorney at the point of closing and sent the money direct to its attorney, all notes, security instruments and papers taken by the company being sent to Virginia. *Smith v. Nolting First Mortgage Corp.*, 45 Ga. App. 253 (164 SE 219). See also *Davis v. Metropolitan Life Ins. Co.*, 196 Ga. 304 (26 SE2d 618); *Vicksburg, S. & P. R. v. DeBow*, 148 Ga. 738, 747 (98 SE 381); *Southeastern Dist. Co. v. Nordyke & Marmon Co.*, 159 Ga. 150 (125 SE 171).

It is presumed that the legislature knows and enacts statutes with reference to the existing law, including the decisions of the courts, and when there is nothing in the enactment to indicate that the words used were to have a new and different meaning they should be construed as having the same meaning that was attached to them before the enactment. *Botts v. Southeastern Pipe-Line Co.*, 190 Ga. 689, 700 (10 SE2d 375); *Spence v. Rowell*, 213 Ga. 145, 150 (97 SE2d 350); *Johnson v. State*, 1 Ga. App. 195 (58 SE 265). When we apply this rule of statutory construction we must conclude that if the legislature had intended to enlarge the meaning of "doing business" it would have used other or further language in the 1946 Act, and it is now for the legislature rather than the courts to change the meaning that that term had at the time of the Act.

In no case arising before or since the 1946 enactment have the Georgia courts held "doing business" to have as broad a meaning as permissible under the McGee v. International Life Ins. Co., case, 355 U.S. 220, supra, or that would include the facts of the present case. *Sterling Materials Co. v. McKinley*,

218 Ga. 574, supra; *Allied Finance Co. v. Prosser*, 103 Ga. App. 538, 540 (119 SE2d 813); *Gold v. Pioneer Fund, Inc.*, 107 Ga. App. 855 (132 SE2d 144); *Lamex, Inc. v. Sterling Extruder Corp.*, 109 Ga. App. 92 (135 SE2d 445); Ga. Lumber &c. Corp. v. Solem Machine Co., 150 FSupp. 126 (M.D. Ga.). Accord *National Acceptance Co. of America v. Spiller & Spiller, Inc.*, 111 Ga. App. 314 (141 SE2d 550). See also *Suttles v. Owens-Ill. Glass Co.*, 206 Ga. 849 (59 SE2d 392); *Redwine v. Dan River Mills*, 207 Ga. 381 (61 SE2d 771); *Redwine v. United States Tobacco Co.*, 209 Ga. 725 (75 SE2d 556); *Kirkland v. Atchison, T. & S. F. R. Co.*, 104 Ga. App. 200 (121 SE2d 411).

For the reasons above stated we hold that the evidence before the trial court authorized the finding that Oxford was not doing business in Georgia and the judgment sustaining the plea to the jurisdiction.

*Judgment affirmed. Deen and Quillian, JJ., concur.*