### 41532. S. DONALD NORTON PROPERTIES, INC. v. TRIANGLE PACIFIC, INC.
(325 SE2d 160)

SMITH, Justice.

This case deals with a constitutional challenge to the method of service of process on corporations, OCGA § 14-2-62.

In 1982, a dispute arose between S. Donald Norton Properties, Inc., appellant, and Triangle Pacific, Inc., appellee, in which appellee claimed appellant owed it $8,120 under a sales contract. Counsel for both parties tried to reach an agreement, but negotiations broke down and appellee filed suit in Cobb County Superior Court seeking the disputed amount. Appellee attempted service of process upon the registered agent of appellant at the registered address. When the marshal was unable to locate the agent at the address, service was perfected upon the Secretary of State pursuant to OCGA § 14-2-62, which states in part: "Whenever a corporation shall fail to appoint or maintain a registered agent in this state, or whenever its registered agent cannot with reasonable diligence be found at the registered office, then the Secretary of State shall be an agent of such corporation . . . ." Appellant failed to answer or appear within 45 days after service was perfected and a default judgment was entered against it. Appellant filed a petition in equity in the Fulton County Superior Court to have the Cobb County Superior Court default judgment set aside. Appellee filed a motion for judgment on the pleadings which was granted, and appellant appeals the granting of that motion.

Appellant contends in its two enumerations of error that the trial court erred in granting appellee's motion because the default judgment was obtained without due process of law and because appellant had adequately stated a claim for equitable relief. We cannot agree.

Appellant's due process argument was decided adversely to it in *Frazier v. HMZ Property Management,* 161 Ga. App. 195, 196-97 (291 SE2d 4) (1982). "The corporation is a creature of statute and has no rights or existence but what the statutes give it. If the corporation complies with statutory requirements for doing business in this state, it will not be deprived of service or notice under [OCGA § 14-2-62 (b)]. The method of service properly authorized under [OCGA § 14-2-62] is not subject to constitutional attack because it is 'in itself reasonably certain to inform those affected [and is] not substantially less

likely to bring home notice than other of the feasible and customary substitutes.' [Cit.]"

Appellant contends that he did not know that his agent had moved his office, but that appellee or the Secretary of State could have looked in the telephone book and obtained the new address. Appellant, not appellee nor the Secretary of State, has the obligation to keep up with its registered agent. A corporation is required to have and *continuously maintain* a registered office and agent. OCGA § 14-2-60. A corporation which fails to file a change of its registered office or registered agent in the office of the Secretary of State 30 days after such change is subject to being involuntarily dissolved by the Secretary of State. OCGA § 14-2-283 (4). The trial court was correct in granting appellee's motion for judgment on the pleadings. There is no merit in either error enumerated.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 30, 1985.

*Varner, Stephens, Wingfield, McIntyre & Humphries, J. D. Humphries III, Herbert H. Gray III*, for appellant.

*Lawson & Davis, William H. Lawson, Virginia R. Harper*, for appellee.