41351, 41352. MORGAN et al. v. WOODARD et al.; and vice versa.

(325 SE2d 369)

SMITH, Justice.

Appellants Morgan, Clerk of the Brantley County Superior Court, and other county officers sought a writ of mandamus in the Superior Court of Brantley County in February 1983 to compel appellees, the County Commissioners of Brantley County, to restore two cost-of-living pay increases to their salaries. Appellees filed counterclaims to compel appellants to comply with certain state statutes. The trial court denied appellants' petition and dismissed appellees' counterclaims. Both rulings have been appealed. We affirm the trial court's actions.

*Case No. 41351*

On April 17, 1975, and March 23, 1977, the state legislature passed local legislation entitling the sheriff, the probate judge, the tax commissioner, and the clerk of court of Brantley County to cost-of-living salary increases. Each bill raised the various salaries by $100 per month. Each increase was "in addition to . . . present salaries and expenses." See H.B. No. 919, Act No. 349, April 17, 1975; H. B. No. 547, Act No. 417, March 23, 1977.

In 1980, the legislature, by general legislation enacted a minimum salary for various groups of constitutional county offices, including those held by appellants. See OCGA § 15-6-88 et seq. The legislation, by its own terms, did not repeal by implication any local law. It did, however, expressly repeal local laws which provided for "a salary lower than the salary provided [by the minimum salary act]." See OCGA § 15-6-91.

Appellees noted that appellants received higher salaries under the new legislation and concluded that all local legislation establishing the old salaries was repealed.[1] They informed appellants that the

___

[1] According to the clerk of the Brantley County Commission, salaries of the clerk of superior court, the probate judge, and the sheriff increased each year between 1979 and 1983. The tax commissioner's salary increased each year except 1983 when the $2,400 local legisla-

cost of living increases had been repealed along with the legislation establishing the old base salaries. Appellants received the statutory minimum salaries rather than the statutory minimum salaries plus $200 per month.

Appellants contend that the local laws providing for the cost of living increases did not "provide for a salary lower than" the minimum salary and thus have not been repealed. Appellees assert that the laws providing for the increases became part of the legislation establishing the original base salary and thus formed part of the local law that provided for salaries lower than the minimum statutory salaries.

The legislative acts involved here are so interwoven that we must consider them *in pari materia. Ryan v. Commrs.*, 203 Ga. 730 (48 SE2d 86) (1948). We thus read these local acts as laws that combine to establish salaries lower than those provided by the minimum salary legislation. We hold that the express repealer in the minimum salary legislation applies to the legislation in this case as a whole, and thus that the cost of living increases are repealed. We thus find no error.

### Case No. 41352

Cross-appellants, Woodard et al., counterclaimed for a writ of mandamus to compel cross-appellees to perform their jobs in compliance with state law. Cross-appellees moved that the counterclaim be dismissed because the counterclaim was not sufficiently specific and because there were adequate remedies other than mandamus by which cross-appellants might find the relief they desired. The court dismissed the counterclaim.

We find no error in the trial court's ruling. Accordingly, we affirm.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 30, 1985.

*Gerald E. Wilkerson, M. Theodore Solomon II, John R. Thigpen, Sr.,* for appellants.
*Hopkins & Strickland, C. Deen Strickland,* for appellees.

---

tion increase was deleted. Even after this deletion, though, the tax commissioner's salary was higher than it had been before the minimum salary legislation was adopted. The minimum salary legislation, thus, provided a pay raise to all of the officials even with the deletion of the local legislation increase.