42447. BRICKS v. WALKER SHOWCASE, INC.
(336 SE2d 37)

CLARKE, Justice.

This appeal calls into question two provisions of Georgia law relating to the means of perfecting service upon a domestic corporation. One procedure appears in the Civil Practice Act and another appears in the Georgia Business Corporation Code. The question is whether the CPA requirement of an affidavit setting forth facts showing that service upon the officers or agents of a corporation cannot be had within the state applies also to the Georgia Business Corporation Code section dealing with service upon a corporation at its registered office. We hold that it does not.

This case comes to us by way of writ of certiorari to the Court of Appeals which denied the plaintiff's application for interlocutory review of the trial court's order setting aside a default judgment. The plaintiff filed suit against the defendant corporation and instructed the marshal to perfect service at the address at which the registered office of the corporation was listed with the Secretary of State. Upon the summons and complaint being returned by the marshal with an entry indicating that the registered office was vacant, the plaintiff

proceeded by leaving a copy of the complaint and summons with the Secretary of State. He contends this meets the requirements of OCGA § 14-2-62 (b). The trial court vacated the default judgment, agreeing with the defendant's argument that the CPA requires an affidavit showing that to the best of the plaintiff's knowledge, information and belief, personal service on the corporation cannot be had within the state. OCGA § 9-11-4 (d) (1).

1. At first blush, there appears to be a conflict between the service provisions as they appear in the CPA and the Georgia Business Corporation Code. At the very least, the difference in the provisions produces confusion. Three possibilities exist. Each of the provisions may remain effective as discrete methods of service upon corporations. The methods may be cumulative one to the other with the requirements of each extending to the other. Finally, it could be argued that the more recent of the provisions repeals the older.

To find the answer to the puzzle, we look to the legislative history and to the language of the sections. Before the Georgia Business Corporation Code, Ga. Laws 1968, p. 565 et seq., there was the Civil Practice Act, Ga. Laws 1966, p. 609 et seq. When the Civil Practice Act was enacted Georgia had not yet initiated the more modern procedure of designating registered offices and registered agents for domestic corporations. Service was therefore accomplished by leaving copies of the summons and complaint with officers or agents of the corporation. It is logical that service through this means imposes a duty upon the process server to seek out the appropriate recipient for service. It also logically follows that if no service could be accomplished, documentation by affidavit should appear in the record prior to service on the Secretary of State.

The Georgia Business Corporation Code, enacted two years later, required that each corporation maintain a registered office and a registered agent and that any change in the office or agent be filed with the Secretary of State. OCGA § 14-2-61. The statute then authorized service on the corporation by service upon the registered agent. When a corporation fails to appoint or maintain a registered agent or the agent cannot with reasonable diligence be found at the registered office, service may be perfected on the Secretary of State. The statute also states that it does not limit or affect the right to serve the corporation in any manner now or hereafter permitted by law. OCGA § 14-2-62. There is no specific requirement for an affidavit. The service method provided by OCGA § 14-2-62 does not violate due process. *S. Donald Norton Properties, Inc. v. Triangle Pacific, Inc.*, 253 Ga. 761 (325 SE2d 160) (1985).

The words of the two statutes and the sequence of their adoption lead to the conclusion that a plaintiff may serve a defendant corporation by following the directions of the Civil Practice Act or by follow-

ing the directions of the Georgia Business Corporation Code. We find that both modes of service are reasonable and that neither offends due process. The only issue is whether the method prescribed in the Corporation Code borrows the affidavit feature of the CPA method. A finding that an affidavit is required might produce a desirable result, but such a conclusion could be reached only through strained legal reasoning. The service methods have procedural differences which cause them to be discrete. All that is required under the Corporation Code is that the process server make a reasonably diligent effort to serve the registered agent at the registered office of the corporation. The CPA requires an affidavit when the agent cannot be found within the state. The distinction is clear and cannot be reconciled. If service is sought under the Corporation Code it is immaterial that the agent could be located and served at some other place in this state.

2. In the present case, however, the court set aside the judgment pursuant to a motion made in the same term as entry of judgment. The court has discretion to set aside a judgment even on its own motion within the same term of court. *Pinyan v. Pinyan*, 235 Ga. 847 (222 SE2d 36) (1976). In this case the motion to set aside was made in the same term of court although the judgment was not set aside until a later term. However, the pending of the motion kept the term open for the purpose of acting upon it. *Parker v. Spurlin*, 227 Ga. 183 (179 SE2d 251) (1971). Finding no abuse of discretion, we hold that the exercise of discretion by the court in setting aside the judgment will not be disturbed on appeal.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 17, 1985 —
RECONSIDERATION DENIED NOVEMBER 5, 1985.

*Savell, Williams, Cox & Angel, C. Wade McGuffey, Jr., Mark S. Gannon,* for appellant.
*Poole, Pearce, Cooper & Smith, William F. Lozier,* for appellee.