WELT INDUSTRIES, INC., Plaintiff,

v.

WEINGART, INC., Defendant.

Civ. A. No. 87–CV–279.

United States District Court,
N.D. Georgia,
Atlanta Division.

May 4 1987.

Robert Wayne Scholz, Dietrick, Evans & Scholz, Atlanta, Ga., for plaintiff.

Steven Somers Greene, Constangy, Brooks & Smith, Atlanta, Ga., and James D. Streit, Gallucci, Hopkins & Theisen, Ft. Wayne, Ind., for defendant.

### ORDER

SHOOB, District Judge.

Defendant removed this breach of contract action from state court pursuant to 28 U.S.C. § 1446(e) and now moves to dismiss for lack of personal jurisdiction or to transfer venue. Plaintiff objects to the removal of the action. For the reasons stated be-

low, the Court denies plaintiff's motion to remand[1] and defers ruling on defendant's motion to dismiss or transfer.

■ In its motion for remand plaintiff states that defendant's attorney filed the petition for removal prior to being admitted to appear *pro hac vice*. Plaintiff requests that the action remain in state court until defendant's attorney is granted permission to appear *pro hac vice*. Such permission was granted by order of this Court dated March 5, 1987. Plaintiff's motion is therefore denied as moot.

Next, the Court addresses defendant's jurisdictional challenge. Plaintiff in this action is a Georgia Corporation that manufactures and markets portable tanning units. Defendant is an Indiana Corporation that has no office or agent in Georgia. Plaintiff asserts that *in personam* jurisdiction exists in this district because defendant's vice-president/general manager, Norman Golm, visited Atlanta to negotiate the terms and conditions of the purchase order that is the subject of this action. Defendant controverts plaintiff's allegation of jurisdiction and has submitted supporting affidavits. Mr. Golm states by affidavit that he visited Mr. and Mrs. Welt, principal officers of the plaintiff corporation, on his return trip from a vacation in North Carolina. He states that the purpose of the visit was to discuss his possible employment by plaintiff. There were no negotiations regarding the purchase of tanning units during his visit in Atlanta, he says. Defendant further asserts that its business dealings with plaintiff regarding the purchase order at issue in this action occurred by telephone and written correspondence between its office in Indiana and plaintiff's office in Hialeah, Florida (Affidavit of Richard Weingart).

■ Plaintiff must bear the burden of proving the existence of *in personam* jurisdiction. Under Fed.R.Civ.P. 12(b)(2) a defendant may move to dismiss the complaint for lack of personal jurisdiction prior to trial. If defendant controverts plaintiff's allegation of jurisdiction by making a factual showing, plaintiff must come forward with sufficient factual evidence to establish a *prima facie* showing of jurisdiction. *National Egg Co. v. Bank Leumi le-Israel B.M.*, 504 F.Supp. 305 (N.D.Ga.1980). Further, the Court may, in its discretion, hold a preliminary hearing on the jurisdictional issue and "put [plaintiff] to his full proof," requiring plaintiff to establish the jurisdictional facts by a preponderance of the evidence. *Data Disc, Inc. v. Systems Tech Assoc., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977). The Court, in exercising this discretion, balances the need to test the sufficiency of the jurisdictional challenge and the right of a party to have his defense decided promptly against the expense and delay of a hearing, the likelihood of arriving at a meaningful result and the possibility that the jurisdictional facts may be so interwoven with the merits of the case that deferral of the determination until trial is desirable. 5 C. Wright & A. Miller, Federal Practice and Procedure § 1373 (1969).

■ In this case, if defendant's version of the facts is believed, it appears that there would be no basis for this Court's exercise of jurisdiction over defendant. The Court believes that defendant is entitled to a prompt determination of the jurisdictional issue in order to avoid the trouble and expense of preparing for trial in a distant district. This is especially true in this case where the jurisdictional facts are not so complex or interwoven with the merits of the case as to require the Court to defer determination until trial. But, plaintiff's and defendant's versions of the facts conflict directly on material points, making a determination on the basis of affidavits impossible. Therefore, the Court will hold a hearing on the merits of the personal jurisdiction issue. Because the facts developed at that hearing may bear on the merits of the motion to transfer, the Court will defer ruling on both motions until after the hearing.

1. The Court will treat the objection to removal as a motion to remand. The Court notes that plaintiff's objection was inadvertently styled "Defendant's Objection to Plaintiff's Petition for Removal."

Accordingly, the parties are ORDERED to appear in this Court at 9:30 on July 13, 1987, for a hearing on defendant's jurisdictional challenge. All proceedings in this action, except discovery on the jurisdictional facts, are STAYED until the hearing date. Plaintiff's motion to remand is DENIED. The Court DEFERS RULING on defendant's motion to dismiss or transfer.