**GERBER GARMENT TECHNOLOGY, INC., Plaintiff,**

v.

**LECTRA SYSTEMS, INC., and Lectra Systems, S.A., Defendants.**

No. 1:86–CV–2054–CAM.

United States District Court,
N.D. Georgia,
Atlanta Division.

Oct. 27, 1988.

Bruce William Baber, Frank C. Jones, James Jay Wolfson, King & Spalding, Elmer A. Simpson, Jr., Powell Goldstein Frazer & Murphy, Atlanta, Ga., Roger B. McCormick, Office of Roger B. McCormick, South Windsor, Conn., Donald K. Huber,

John C. Linderman, McCormick Paulding & Huber, Hartford, Conn., for plaintiff.

Larry Hugh Chesin, Meals Kirwan Goger Winter & Parks, Atlanta, Ga., Kevin Mac-Carthy, Kevin MacCarthy Associates, New York City, for defendants.

## ORDER

MOYE, Senior District Judge.

The above-styled action is before this Court on the defendant Lectra Systemes, S.A.'s ("Lectra France") motion to dismiss for lack of personal jurisdiction. For the reasons stated below, the Court DENIES Lectra France's motion to dismiss.

## FACTS

The plaintiff, Gerber Garment Technology, Inc. ("Gerber"), originally brought this action, a patent infringement suit, solely against Lectra Systems, Inc. ("Lectra U.S."), a wholly-owned Georgia subsidiary of the defendant, Lectra France, a French company located and doing business in France. After an unsuccessful attempt to compel the production of allegedly important evidence in the possession of Lectra France, the parent corporation, Gerber joined Lectra France as a defendant. Lectra France has now filed a motion to dismiss for lack of personal jurisdiction.

Gerber alleges the following factual bases for the assertion of personal jurisdiction over Lectra France:

1) Lectra U.S. displayed and operated two knife cutting machines at a trade show in Atlanta, Georgia in 1986. The plaintiff asserts that the use of these machines at the trade show infringed upon U.S. patents held by Gerber under 35 U.S.C. § 271. The machines in question bore the name and trademark of Lectra France. It appears that the machines belonged to Lectra France, and the machines were shipped to the trade show from Lectra France and returned after the show to France. Lectra France had numerous personnel in attendance at the trade show, including engineers and sales representatives. Lectra France employees assisted Lectra U.S. in demonstrating the knife-cutting machines at the show, and finally, Lectra France listed the knife cutting systems in an official price list distributed shortly before the show.

2) Lectra France representatives attended the 1987 Atlanta trade show and engaged in activities similar to those described above as occurring at the 1986 trade show.

3) Lectra France has cooperated with Lectra U.S. in setting up and conducting training sessions on the operation of the infringing knife cutting machines. These training sessions were conducted in Marietta, Georgia for North American sales representatives. Lectra France sent an infringing knife cutting machine to Lectra U.S., and a Lectra France engineer came to the Marietta facility to install the machine. The machine was used to cut material both for potential customers and for training purposes. The machine was later returned to Lectra France.

4) Lectra France is doing business in Georgia and through out the United States through its subsidiary, Lectra U.S. The plaintiff alleges that 1) Lectra U.S. is the exclusive seller of Lectra France products in the United States, 2) Lectra U.S. is obligated not to sell equipment manufactured by Lectra France's competitors, 3) the two attempt to project a singular image in the marketing of goods by using similar names and the same trademarks, 4) Lectra U.S. is the wholly owned subsidiary of Lectra France. Therefore, Lectra France conducts regular, systematic and continuing business activity within this forum by doing business with Lectra U.S.

## STANDARD FOR GRANTING LECTRA FRANCE'S MOTION TO DISMISS

The standard for granting a motion to dismiss for lack of personal jurisdiction, made near the institution of litigation and before substantial discovery, is clearly established in this circuit. A motion to dismiss for lack of personal jurisdiction should be denied if the plaintiff has alleged sufficient facts to support a reasonable inference that the defendant(s) can be subjected to the jurisdiction of the Court. *Jackam v. Hospital Corp. of America Mi-*

deast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986); Bracewell v. Nicholson Air Services, Inc., 680 F.2d 103 (11th Cir.1982). However, in cases such as the one at bar where the Court is considering the issue of personal jurisdiction after there has been sufficient opportunity to discover jurisdictional facts, a different standard applies.

■■■ As this Court held in National Egg Company v. Bank Leumi le-Israel B.M., 504 F.Supp. 305, 309 (N.D. Ga.1980):

> The burden of "proof" on the question of personal jurisdiction lies with the plaintiff. Plaintiff may rest on jurisdictional allegations in the complaint unless the defendant controverts those allegations with a factual showing. In that event, the plaintiff has the burden of going forward with sufficient factual evidence to establish a prima facie showing of the jurisdictional allegations. (citations omitted). This standard for ruling upon the motion to dismiss notwithstanding the plaintiff still must prove jurisdictional facts by a preponderance of the evidence at trial. (citations omitted).

See also, Welt Industries, Inc. v. Weingart, Inc., 660 F.Supp. 424 (N.D. Ga.1987). There has been sufficient opportunity for the discovery of jurisdictional facts in the present case, and therefore, the standard articulated in National Egg applies to the resolution of the defendant's motion to dismiss.[1]

## STANDARD FOR THE EXERCISE OF PERSONAL JURISDICTION

### A. Satisfaction of Both Due Process and the Georgia Long–Arm Statute Required

■■ It is well established that the exercise of personal jurisdiction by this Court requires satisfaction of both the due process clause of the United States Constitution and the Georgia long-arm statute. E.g., National Egg, 504 F.Supp. at 309–10, citing, Attwell v. LaSalle National Bank, 607 F.2d 1157, 1160 (5th Cir.1979). Patent infringement constitutes a tort, Carbice Corp. of America v. American Patents Development Corp., 283 U.S. 27, 33, 51 S.Ct. 334, 336, 75 L.Ed. 819 (1931), and constitutes a tortious act for purposes of establishing long-arm jurisdiction.[2]

1. The Court may determine the jurisdictional issue by receiving affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery. Washington v. Norton Manufacturing Co., 588 F.2d 441, 443 (5th Cir.1979). In considering the evidence, the allegations of the complaint, except insofar as controverted by opposing affidavits, must be taken as true, and all conflicts in the facts must be resolved in favor of the plaintiff for purposes of determining whether a prima facie case for personal jurisdiction has been established. See, Black v. Acme Markets, Inc., 564 F.2d 681, 683 N. 3 (5th Cir.1977); C. Wright, A. Miller & M. Kane, Federal Practice and Procedure §§ 1351, 1363 (1969 & Supp.1984). However, mere conclusory statements cannot be relied upon to establish the prima facie case on the issue of personal jurisdiction. Barrett v. United States, 646 F.Supp. 1345 (S.D.N.Y.1986), citing, Newark v. Abeel, 102 F.Supp. 993, 994 (S.D.N.Y.1952).

Mere averments of jurisdiction are not enough nor may conclusory, unsupported statements contained in accompanying affidavits be relied upon to demonstrate jurisdiction. Holfield v. Power Chemical Company, Inc., 382 F.Supp. 388, 390 (D.Md.1974). Furthermore, affidavits based on personal knowledge are to be credited over contradictory allegations based merely on information and belief, and facts adduced in opposition to jurisdictional allegations are considered more reliable than mere contentions offered in support of jurisdiction. Barrett, 646 F.Supp. at 1350.

2. The plaintiff has asserted that the exercise of personal jurisdiction over the defendants by this Court is proper under O.C.G.A. § 9–10–91(1), as well as under O.C.G.A. § 9–10–91 (2, 3). Subsection (1) provides that a Georgia court may exercise personal jurisdiction over a nonresident defendant if he "[t]ransacts any business within this state" and the cause of action arises from that transaction of business within the state. "It is clear, however, that the 'transacts any business' test of O.C.G.A. § 9–10–91(1) applies only to contract claims." Delong Equipment Company v. Washington Mills Abrasive, 840 F.2d 843, 848 (11th Cir.1988); citing, Lutz v. Chrysler Corporation, 691 F.2d 996, 997 (11th Cir.1982).

Therefore, where this action is a tort suit, O.C.G.A. § 9–10–91(1) does not apply. However, it is settled that activity in Georgia which will support the exercise of personal jurisdiction in a tort suit need not be as extensive as that required in contract cases where the nonresident defendant must have "transacted business" in Georgia in connection with the plaintiff's claim. E.g., Delong, 840 F.2d at 848; Swafford v. Avakian, 581 F.2d 1224, 1226 (5th Cir.1978);

*Honeywell, Inc. v. Metz Apparatewerke,* 509 F.2d 1137 (7th Cir.1975). In cases where jurisdiction is based on the defendants' tortious act, there is no question that the Georgia long-arm statute gives Georgia courts the power to exercise specific personal jurisdiction over nonresident defendants to the full extent allowed by constitutional due process. *E.g., Coe & Payne Company v. Wood–Mosaic Corporation,* 230 Ga. 58, 60, 195 S.E.2d 399 (1973). Therefore, this Court need only consider whether the exercise of personal jurisdiction over Lectra France is appropriate under constitutional due process.

### B. Requirements of Constitutional Due Process

In *Burger King v. Rudzewicz,* 471 U.S. 462, 474, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985), the United States Supreme Court held that the "constitutional touchstone" for determining whether the exercise of personal jurisdiction is consistent with the requirements of constitutional due process remains whether the defendant purposefully established "minimum contacts" in the forum state. *Id.,* at 474, 105 S.Ct. at 2183, *citing, International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). If it is determined that the defendants have "purposefully established minimum contacts within the forum State, these contacts may be considered in light of other factors to determine whether the assertion of personal jurisdiction would comport with 'fair play and substantial justice'." *Id.* 471 U.S. at 476, 105 S.Ct at 2184 (quoting *International Shoe,* 326 U.S. at 320, 66 S.Ct. at 160).

One question important in determining whether the defendant has purposefully established minimum contacts with the forum is whether the defendant's conduct and connection with the forum state are such that he should "reasonably anticipate" being haled into court there. *Id., citing, World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 295, 100 S.Ct. 559, 566, 62 L.Ed.2d 490 (1980). The defendant should reasonably anticipate out-of-state

litigation where by some act he "purposely avails" himself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws. *Id., citing, Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958). This "purposeful availment" requirement is designed to ensure that a defendant will not be haled into court in a jurisdiction jurisdiction solely as a result of "random," "fortuitous," or "attenuated" contacts. *Id.*

■ Under constitutional due process analysis, there are two types of personal jurisdiction: general and specific. *Id., citing, Helicopteros Nacionales de Columbia S.A. v. Hall,* 466 U.S. 408, 414–17 and n. 8, 9, 104 S.Ct. 1868, 1872–74 n. 8, 9, 80 L.Ed. 2d 404 (1984). General personal jurisdiction arises from "continuous and systematic" contacts with the forum. In cases where the exercise of general personal jurisdiction is appropriate, a court may exercise jurisdiction over matters unrelated to the defendant's contacts with the forum. *DeLong Equipment Co. v. Washington Mills Abrasive Co.,* 840 F.2d 843, 853 (11th Cir.1988). Specific personal jurisdiction is founded on a parties contacts to the forum state that are related to the cause of action. *Id.*

■ This case is not one for the exercise of general personal jurisdiction. The Court finds that the arguments made and the evidence referenced by the plaintiff do not establish a prima facie case for the exercise of general jurisdiction over Lectra France. As presented, Lectra France's dealings with its legally separate, although wholly-owned, subsidiary do not establish 'continuous and systematic' contacts with this forum such as will allow the exercise of general personal jurisdiction, jurisdiction unrelated to Lectra France's activities in this forum.

■ On the other hand, the Court finds that the plaintiff has established a prima facie case for the exercise of specific personal jurisdiction over Lectra France. The contacts which Lectra France has had with

*Shellenberger v. Tanner,* 138 Ga.App. 399, 408, 227 S.E.2d 266 (1976).

this forum are directly related to the alleged patent infringement. The plaintiff has presented evidence tending to show that Lectra France has purposefully engaged in activities within this forum related to this litigation in its continued marketing efforts within this forum. Lectra France's presence within and contacts with this forum are exemplified by the demonstration of the allegedly infringing machines at trade shows held here coupled with the presence of Lectra France sales personnel at those shows. Furthermore, due to the mutually exclusive nature of the arrangements between Lectra France and its wholly-owned subsidiary and efforts by the two to present a single identity in the marketplace, an agency relationship has arguably been established between Lectra France and Lectra U.S., for purposes of personal jurisdiction analysis, whereby Lectra France has purposefully established substantial contacts with this forum. *See, National Acceptance Co. of America v. Spiller & Spiller,* 111 Ga.App. 314, 141 S.E.2d 550 (1965); *Hollingsworth v. Cunard Line Ltd.,* 152 Ga.App. 509, 513, 263 S.E.2d 190 (1979). The Court concludes that Lectra France could reasonably anticipate being haled into court here on a patent infringement claim connected to its activities in this forum.

Finally, the Court recognizes the importance of comity considerations in determining whether to exercise personal jurisdiction over a French entity. However, in a *patent infringement* suit where the foreign defendant has been physically present in the forum, through its agents, and has substantial contacts with the forum relating to the litigation, comity considerations and the burden on the defendant of litigating in this forum are outweighed by the extent of the defendant's contacts with the forum and the litigation, the plaintiff's interest in obtaining convenient and effective relief, and the shared interest of the several states in furthering substantive social policies embodied in the patent laws of the United States.

CONCLUSION

The Court finds that the plaintiff, Gerber, has presented a prima facie case for the exercise of specific personal jurisdiction over Lectra France by this Court. Therefore, the defendant's motion to dismiss for lack of personal jurisdiction is DENIED.

SO ORDERED.