### 76428. SMITH v. MILLIKEN & COMPANY.
(377 SE2d 916)

BEASLEY, Judge.

Smith appeals the judgment entered in his non-jury trial of his claim under the Georgia Equal Employment For The Handicapped Code, OCGA Title 34, Chap. 6A, Ga. L. 1981, p. 1803, et seq. The sole basis of his appeal is the denial of a jury trial.

Smith, a quality control/personnel manager for Milliken, developed Ankylosing Spondyltis (AS) in January 1985. As a result of his illness, a degenerative disease of the spine, he developed difficulty performing manual tasks and lost a good deal of time from work due to medical treatment.

On February 28, 1986, Milliken dismissed Smith due to claimed insubordination in not attending a meeting he was directed to attend. Smith contends the real reason was prohibited discrimination due to his handicap.

Smith prayed in his complaint only for "back pay . . . from the date of termination through the date of the award, plus interest, as well as court costs and reasonable attorney fees. . . ."

Although not in the record, it is apparently undisputed that Smith sought a jury trial which Milliken opposed. The trial court ruled that the action "under OCGA § 34-6A-6 (a) (b) is a nonjury matter because such action was unknown at common law, did not arise from a common law right and requires the Court to exercise its

injunctive powers, and therefore does not come within any State or federal constitutional rights to jury trial in civil cases."

We transferred the case to the Supreme Court under Ga. Const. 1983, Art. VI, Sec. VI, Par. III (2) but it returned it, stating that the case is within our exclusive jurisdiction.

1. To the degree that Smith based his claim below on the Federal Seventh Amendment, the court's ruling was correct in that it does not apply to suits in state courts. *Butler v. Claxton*, 221 Ga. 620, 621 (146 SE2d 763) (1966); *LaBarre v. Payne*, 174 Ga. App. 32, 33 (1) (329 SE2d 533) (1985).

2. OCGA § 9-11-38 provides that "[t]he right of trial by jury as declared by the Constitution of the state or as given by a statute of the state shall be preserved to the parties inviolate."

Ga. Const. Art. I, Sec. I, Par. XI provides that "[t]he right to trial by jury shall remain inviolate, except that the court shall render judgment without the verdict of a jury in all civil cases where no issuable defense is filed and where a jury is not demanded in writing by either party." This right has been contained in the Constitution with only minor changes in wording since the Georgia Constitution of 1789 where it appeared in Art. IV, Sec. III. *Strange v. Strange*, 222 Ga. 44, 45 (1) (148 SE2d 494) (1966).

OCGA § 9-11-40 (b) allows the court sitting without a jury to "hear and determine by interlocutory or final judgment any matter or issue where a jury trial is not required or has been waived."

The Supreme Court's retransfer is an adjudication that there is no equity jurisdiction in this case. *Carter v. State*, 93 Ga. App. 12, 14 (1) (90 SE2d 672) (1955); see *Matuszczak v. Kelly*, 233 Ga. 914, 915 (1) (213 SE2d 875) (1975); *Boze v. Atlanta Veterans Transport*, 218 Ga. 274 (127 SE2d 466) (1962). We construe it as ruling that the instant case involves only the legal issue of back pay, not any equitable issue such as injunction. *Matthews Group &c. v. Wages*, 180 Ga. App. 151, 152 (1) (348 SE2d 695) (1986); *Alexie, Inc. v. Old South Bottle Shop*, 179 Ga. App. 190 (345 SE2d 875) (1986). This does not, however, entitle Smith to trial by jury. The Georgia constitutional provision merely guarantees "the continuance of the right unchanged as it existed either at common law or by statute in the particular State at the time of the adoption of the constitution." *Metropolitan Cas. Ins. Co. v. Huhn*, 165 Ga. 667, 672 (2) (142 SE 121) (1927); *Strange*, supra.

The inquiry under the Constitution is whether an action such as one under the GEEHC existed at common law. Georgia recognizes employment at will, pursuant to which "in the absence of a controlling contract, 'permanent employment,' 'employment for life,' 'employment until retirement' is employment for an indefinite period, terminable at the will of either party, which gives rise to no cause of action against the employer for alleged wrongful termination. [Cit.]"

*Georgia Power v. Busbin*, 242 Ga. 612, 613 (1) (250 SE2d 442) (1978); *Taylor v. Amisub &c.*, 186 Ga. App. 834, 835 (1) (368 SE2d 791) (1988). Smith's employment was such.

This situation parallels that of the rights created under the Workers' Compensation Act and the Uniform Reciprocal Enforcement Act. Both were challenged as unconstitutional because they did not provide for jury trials. *Strange*, supra; *Metropolitan Cas. Ins. Co. &c. v. Huhn*, 165 Ga. 668, supra.

In rejecting these claims, the Supreme Court stated: "The Uniform Reciprocal Enforcement Act for the support of the dependent children and others is wholly of statutory origin and unknown to the common or statutory law of England prior to our first Constitution, and therefore, in a proceeding under this Act, the father of the minor children is not entitled to a jury trial as a constitutional right." *Strange* at 47. "The entire procedure involved in the act [Workers' Compensation] has been brought into existence or created by the legislature since the adoption of our constitution containing the provisions that the right of a trial by a jury shall remain inviolate. . . . In a number of cases in this State it has been held that in civil actions the right of jury trial exists only in those cases where the right existed prior to the first constitution, and that the guaranty does not apply to special proceedings not then known or subsequently created or provided by statute. For examples: proceedings in the court of ordinary, [cit.]; contested-election cases, [cit.]; proceedings against road defaulters, [cits.]; partition proceedings, [cit.]; condemnation proceedings, [cit.]; proceedings to validate bonds, [cit.]" *Metropolitan* at 672; *Woods v. Delta Air Lines*, 237 Ga. 332, 333 (227 SE2d 376) (1976).

Likewise, the GEEHC Act creates a right and a remedy which were unknown at common law. The court was correct in finding no constitutional right to trial by jury.

3. Smith contends that OCGA § 34-6A-6 (b) provides for the right to a jury: "[t]he court may grant as relief, as it deems appropriate, any permanent or temporary injunction, temporary restraining order, or other order, including but not limited to hiring, reinstatement, or upgrading of employees; admission or restoration of the aggrieved individual to union membership; admission to or participation in a guidance program, . . . ; and the utilization of training related criteria in the admission of individuals to such training programs and job related criteria for employment. The court may award to the plaintiff back pay. The court may award court costs and reasonable attorneys' fees to the prevailing party."

The argument is not that the wording specifically provides for a jury, which it clearly does not, but that the language and history of the GEEHC Act "indicates that the Georgia legislature did not intend to deprive litigants [of] the right to a jury trial." Since, however, there

is no such right in this context absent specific statutory authorization, this argument fails.

4. Smith further argues that the court abused its discretion in not empanelling a jury to assist it in resolving a question of fact. It may do so, if it so chooses. See *Hanson v. First State Bank &c.*, 254 Ga. 235, 236 (327 SE2d 730) (1985); *Guhl v. Davis*, 242 Ga. 356 (249 SE2d 43) (1978); *Shaw v. W. M. Wrigley, Jr. Co.*, 183 Ga. App. 699 (359 SE2d 723) (1987). That does not mean, however, and we do not conclude, that the court abused its discretion.

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

DECIDED JANUARY 23, 1989.

*Knox & Zacks, David M. Zacks, Jeffrey C. Baxter*, for appellant.
*Thompson, Mann & Hutson, Jeffrey Lerer, Randy C. Gepp*, for appellee.