A90A0610. NORO-NORTH PLAZA HOLDINGS, N.V. v. RARE COINS OF GEORGIA, INC.

(395 SE2d 918)

BEASLEY, Judge.

Noro-North Plaza Holdings, N. V., lessor, (Noro-North) was granted an application to appeal the denial of its motion to set aside default judgment in Rare Coin's suit for damages to premises, inventory, and business as a result of flooding. Noro-North's motion was premised on failure of service and resulting lack of personal jurisdiction and on alleged mistake or fraud of Rare Coins relating to failure of service.

Noro-North owned only the shopping center in which Rare Coins was located. Nine other properties in the Atlanta area were owned by its sister corporations, one for each shopping center. The Noro Group of Funds included Noro Realty Advisers, Inc., a Georgia corporation which advised Noro-North and the other companies concerning real estate investments, and Noro Realty Services, Inc., a Georgia corporation which managed the shopping center for Noro-North at the time of the water damage.

Noro-North was a corporation organized under the laws of the Netherlands Antilles and maintaining its principal place of business there. All of its stock was owned by a holding company, Noro Sunbelt, N. V., another Netherlands Antilles corporation. Noro Sunbelt was not registered in the United States and all of its stock was foreign owned. Noro-North obtained a certificate of Authority to transact business from the Georgia Secretary of State in 1979, pursuant to OCGA § 14-2-310.[1] The registered agent for service was a law firm.

The original lease between Noro-North and Rare Coins was signed in 1982. It was signed by The Oxford Group, Inc., as agent for Noro-North. The duties of The Oxford Group were apparently taken over by Noro Realty Advisers, Inc., and then Noro Realty Services, Inc.

---

[1] The Georgia Business Corporation Code was repealed by Ga. L. 1988, p. 1070, § 1 and a new Business Corporation Code, based on the 1984 Revised Model Business Corporation Act, was enacted. The citations herein are to the repealed code unless otherwise noted.

On April 17, 1985, Noro-North filed its Application for Withdrawal with the Secretary of State pursuant to OCGA § 14-2-323. The application erroneously stated that Noro-North was incorporated in Georgia, although the certificate of incorporation attached to it correctly listed the Netherlands Antilles. Noro-North listed 100 Galleria Parkway, Suite 1230, Atlanta, the office of Noro Realty Advisers, as the address required by the statute for mailing.

The flooding occurred on July 14, 1985, and was alleged to be due to the failure of Noro-North to properly maintain the drainage system of the shopping center. Noro Realty, as agent for Noro-North, signed the renewal lease with Rare Coins in August 1985. In November 1985, Noro Realty Advisers moved from the address listed with the Secretary of State, but neither it nor Noro-North advised the Secretary of State of this change.

Prior to filing suit, Rare Coins' counsel had been negotiating with a law firm which represented Noro Realty Services. When specifically asked if it represented Noro-North, the firm responded only that it "represented the interests of the owners of the shopping centers regarding commercial lease issues and disputes."

Negotiations proved futile and Rare Coins filed suit against Noro-North and John Doe defendants on February 9, 1987. These John Does were described as including "parent corporations, subsidiaries, or affiliates" of Noro-North. The complaint listed the Netherlands Antilles principal office of Noro-North as its last known address. It was also alleged that Noro-North continued to transact business in Georgia.

Upon receipt of the complaint and process, the Secretary of State acknowledged service and mailed them to the Galleria address, from which they were returned as undeliverable. Rare Coins' counsel was notified of this and proceeded to take a default judgment. A garnishment action on the judgment prompted the motion to set aside.

The motion contained three grounds: (1) insufficiency of service and resulting lack of personal jurisdiction; (2) invalidity of judgment because of mistake or fraud of Rare Coins, free from negligence or fraud of Noro-North; (3) invalidity of judgment due to lack of personal service, a non-amendable defect apparent on the face of the record.

The court held that Noro-North had continued to transact business in Georgia after filing its withdrawal and that service was properly effected by sending the process to the address provided in the withdrawal, relying on OCGA § 14-2-323 (a) (5).

1. The enumerations of error contain a number of arguments which were not made below. We do not, therefore, consider Enumerations 4, 5, and 6 (a). *Ewald v. Security Pacific Credit Corp.*, 190 Ga. App. 615, 616 (1) (379 SE2d 569) (1989).

2. This case was originally filed in the Supreme Court, which has jurisdiction of constitutional challenge to statutes. That court transferred the case here, stating that there was no basis for its jurisdiction. Enumeration 6 (b) involves a constitutional challenge and will not be addressed. *Smith v. Milliken & Co.*, 189 Ga. App. 897, 898 (2) (377 SE2d 916) (1989); *Carter v. State*, 93 Ga. App. 12, 14 (1) (90 SE2d 672) (1955); see *Matuszczak v. Kelly*, 233 Ga. 914, 915 (1) (213 SE2d 875) (1975); *Boze v. Atlanta Veterans Transport*, 218 Ga. 274 (127 SE2d 466) (1962).

3. The remaining four enumerations, with the exception of Enumeration 7, will be treated together, as they deal with the court's finding that Noro-North was doing business in Georgia after it filed its withdrawal and that the service effected on the Secretary of State was sufficient to give the court jurisdiction over Noro-North.

(a) Since these matters were presented to the court by way of Motion to Set Aside after a default judgment had been entered, the trial court sits as trier of fact and this court may not interfere with these findings if there is any evidence to support them. *Wolfe v. Rhodes*, 166 Ga. App. 845, 847 (305 SE2d 606) (1983); *Adair Realty Co. v. Parrish*, 192 Ga. App. 681 (385 SE2d 770) (1989). It found that Noro-North was required to have a registered agent upon whom service could have been effected.

Noro-North contends that all it did was "own" real property which is insufficient to require it to obtain a certificate of authority under OCGA § 14-2-310. This argument, however, overlooks the fact that Noro-North was actively leasing units to occupants during the time it had a certificate and after it filed its petition to withdraw. Also, through agents operating pursuant to contracts with and powers of attorney provided by Noro-North, Noro-North managed these properties. Such activity through agents is sufficient to constitute transacting business under that statute and the evidence presented was sufficient. See *National Acceptance Co. v. Spiller & Spiller*, 111 Ga. App. 314, 315-316 (141 SE2d 550) (1965); cf. *Buckhead Doctors' Bldg. v. Oxford Fin. Cos.*, 115 Ga. App. 52 (153 SE2d 650) (1967).

(b) Having revoked the authority of its registered agent as reflected by its Application for Withdrawal, Noro-North was subject to service pursuant to OCGA § 14-2-319 (b), which provides for service on the Secretary of State. When Rare Coins filed its complaint, it provided the Netherlands Antilles address of Noro-North's principal office, for service of process in compliance with OCGA § 14-2-319 (b). The statute also requires that the Secretary of State will then mail such process to the principal office of the corporation. The Secretary of State, based on the address given in the Application for Withdrawal, mailed complaint and process to the Galleria address.

OCGA § 14-2-323 (a) (4) & (5) provide that the withdrawing cor-

poration, having ceased transacting business in Georgia and having revoked the authority of its registered agent for service of process, "consents that service of process in any action or proceeding based upon any cause of action that accrued in this state during the time the corporation was authorized to transact business in this state may be made on such corporation by service thereof on the Secretary of State. . . ." The withdrawing corporation is required to list a post office address where the Secretary of State "may mail a copy of *any process* against the corporation that may be served on him." (Emphasis supplied.)

OCGA § 14-2-323 cannot be read in isolation from OCGA § 14-2-319, as argued by Noro-North. *Morgan v. Woodard*, 253 Ga. 751, 752 (325 SE2d 369) (1985); *Lucas v. Smith*, 201 Ga. 834, 837 (41 SE2d 527) (1947); *Ryan v. Commrs. of Chatham County*, 203 Ga. 730, 731 (48 SE2d 86) (1948). OCGA § 14-2-323 (a) (4) is the consent to service upon the Secretary of State by the withdrawing corporation for actions accruing during the time the corporation was authorized to transact business. Under OCGA § 14-2-319, continuing to transact business without the required certificate likewise subjects the corporation to service through the Secretary of State. OCGA § 14-2-323 (a) (5) provided an additional address to which process served pursuant to OCGA § 14-2-319 could be forwarded by the Secretary of State. See *Bricks v. Walker Showcase*, 255 Ga. 122, 123 (3) (336 SE2d 37) (1985).

Even if the complaint and process had been sent to an incorrect address, which is not true here, a mistake made by the person served to properly pass them on is not a basis for a motion to set aside judgment. *Villaruz v. Van Diviere Oil Co.*, 251 Ga. 145, 146 (2) (304 SE2d 58) (1983).

(c) Enumeration 7 alleges that the judgment was entered as a result of fraud or mistake of Rare Coins, unmixed with mistake or fraud of Noro-North. This is premised on the fact that counsel for Rare Coins knew that the complaint and process had not been sent to the Netherlands Antilles and did not correct the Secretary of State's error. First, as noted above, we conclude there was no error by the Secretary of State. Even if there had been, however, it was not the legal obligation of Rare Coins to correct it. As far as Noro-North's allegation that counsel breached a duty to the court, that is a matter for another forum. The new corporation code requires that a plaintiff, in addition to serving the Secretary of State, also mail a copy directly to the defendant. There was not such obligation prior to the new statute. Further, since Noro-North and Noro Realty failed to notify the Secretary of State of the abandonment of the Galleria address and to provide a new one, it cannot be said that there was no mistake on Noro-North's part.

(d) The remaining arguments made are without merit.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED JULY 16, 1990.

Hendrick, Spanos & Phillips, David R. Hendrick, Scott K. Tippett, for appellant.

Robert Windholz, Robert J. Hipple, for appellee.