A90A2259. HOUSTON v. CAVANAGH et al.
(405 SE2d 105)

POPE, Judge.

We granted interlocutory review to consider the trial court's denial of a motion to recuse by counsel for appellant/plaintiff Sargus Houston. The motion to recuse came after the underlying case was settled and followed the filing of a claim for attorney fees and costs pursuant to OCGA § 9-15-14 by appellees/defendants Harrison D. Cavanagh, M.D., Emory University d/b/a Emory University Hospital and Emory Clinic.

Following extended discovery proceedings which resulted in appeals to this court and the Supreme Court in *Emory Univ. v. Houston*, 185 Ga. App. 289 (364 SE2d 70) (1987) and *Emory Clinic v. Houston*, 258 Ga. 434 (369 SE2d 913) (1988), as well as pretrial hearings and settlement discussions conducted by the trial judge, the underlying case came to trial on February 21, 1990; shortly thereafter the court declared a mistrial. A new jury was struck and the trial recommenced on February 26, 1990.

In the course of that second trial, the trial court determined that Taylor W. Jones, counsel for plaintiff Sargus Houston, had wilfully, intentionally and deliberately violated the trial court's orders regarding discussing on-going settlement negotiations with the media. As a result, the trial court held Jones in criminal contempt. The facts regarding the trial court's decision on criminal contempt are set out in this court's opinion in a separate appeal. *In re Jones*, 198 Ga. App. 228 (401 SE2d 278) (1990) (affirmed on condition the trial court would state whether it applied the reasonable doubt standard.)

Plaintiff voluntarily dismissed the underlying case on the same day the court announced its order holding Jones in criminal contempt. On March 26, 1990, defendants Cavanagh and Emory Clinic filed a motion for assessment of litigation costs and attorney fees pursuant to OCGA § 9-15-14 against Jones personally. Jones then filed the motion to recuse on April 2. On April 3, Emory University filed its motion for costs of litigation and attorney fees against Jones. The motion to recuse was denied by order entered April 12, 1990, on the

ground that the affidavit in support of the motion was legally insufficient. *Held*:

We reverse. "When a trial judge in a case pending in that court is presented with a motion to recuse accompanied by an affidavit, the judge's duty will be limited to passing upon the legal sufficiency of the affidavit, and if, assuming all the facts alleged in the affidavit to be true, recusal would be warranted, then another judge must be assigned to hear the motion to recuse." (Citation and punctuation omitted.) *State v. Davis*, 159 Ga. App. 537, 539 (3) (284 SE2d 51) (1981). Canon 3 C. (1) (a) of the Code of Judicial Conduct states: "Judges should disqualify themselves in proceedings in which their impartiality might reasonably be questioned, including but not limited to instance where: . . . the judge has a personal bias or prejudice concerning a party or a party's lawyer. . . ." "We interpret the word 'should' to mean 'shall' in the context of this requirement." *Savage v. Savage*, 234 Ga. 853, 856 (218 SE2d 568) (1975). However, "[a]ny alleged prejudice or bias against the party's attorney rather than the party himself is not, per se, grounds for disqualification. . . ." *Mann v. State*, 154 Ga. App. 677, 678 (1) (269 SE2d 863) (1980).

Defendants' motions for attorney fees and costs directed to Jones personally pursuant to OCGA § 9-15-14 are specifically based upon the contention that Jones' "willful, obdurate and contumacious conduct" unnecessarily expanded the litigation. The acts of Jones alleged to have caused the unnecessary expense are the acts for which the trial judge found Jones in criminal contempt of the court. The underlying case has been settled. The only remaining issue is the § 9-15-14 claim against Jones personally. Although such a claim is brought under the heading of the underlying case (see OCGA § 9-15-14 (e)), it is clear that where the attorney is the sole defendant, the attorney is the party to the § 9-15-14 claim.

Cast in this light, the question becomes whether the affidavit submitted by Jones was legally sufficient to raise an issue regarding the impartiality of the trial judge, who held him in criminal contempt in the underlying case, to pass upon the question of whether that conduct unnecessarily expanded the proceedings and resulted in additional attorney fees and costs to the opposing parties.

After the underlying case was dismissed voluntarily and immediately after holding Jones in contempt and imposing the fine, the trial court said (and this language is quoted in the affidavit):

"I feel truly sorry for Sargus Houston. *My personal belief is that he is the beneficiary of some very poor advice on behalf of his counsel.*

"I think settlement discussions were participated in by the defendants in this case this morning in good faith, and I believe they made a very substantial offer to settle and resolve this case, which

would have been in Mr. Houston's absolute best interest to accept. And *I believe had he had good advice,* he would have accepted." (Emphasis supplied.)

The situation in the present case should be extremely rare. Our holding necessarily is restricted to the facts of this case. However, this result is necessary to maintain the confidence of the bar and the citizens of this state in the absolute integrity of the judicial system. We hold that in this situation, one in which the judge who found the attorney in contempt in the underlying case is to hear the § 9-15-14 claim against the same attorney who now stands as a defendant in that § 9-15-14 claim, the affidavit in support of recusal was legally sufficient.

*Judgment reversed. Beasley and Andrews, JJ., concur.*

DECIDED MARCH 15, 1991 —
REHEARING DENIED MARCH 28, 1991 — 

*Jones, Brown & Brennan, Taylor W. Jones, Timothy R. Brennan, Rebecca A. Copeland,* for appellant.

*Allen & Ballard, Hunter S. Allen, Jr., Long, Weinberg, Ansley & Wheeler, J. M. Hudgins IV, Stephen R. Sparwath, Sidney F. Wheeler, Chilivis & Grindler, Nicholas P. Chilivis,* for appellees.