A92A0681. IN RE JONES.
(421 SE2d 538)

COOPER, Judge.

In the first appearance of this case, *In re Jones*, 198 Ga. App. 228 (401 SE2d 278) (1990), we affirmed appellant's contempt conviction on the condition that the trial court state whether it applied the reasonable doubt standard in issuing a criminal contempt citation against appellant. After the remittitur from this court was filed in the trial court, the trial judge entered an order setting forth that the reasonable doubt standard had been applied and that he had found the evidence to be sufficient under the reasonable doubt standard to hold appellant in criminal contempt of court. Appellant now appeals from the entry of that order.

Following the trial judge's issuance of the criminal contempt citation, appellant, counsel for the plaintiff in a medical malpractice case, voluntarily dismissed the underlying case. The defendants in that case then filed a motion for assessment of attorney fees and costs of litigation pursuant to OCGA § 9-15-14 against appellant personally. Appellant filed a motion to recuse, and the trial judge denied appellant's motion on the ground that the affidavit submitted in support of the motion was legally insufficient. In *Houston v. Cavanagh*, 199 Ga. App. 387 (405 SE2d 105) (1991), we reversed the trial court's denial of appellant's motion to recuse, holding that under the facts of that case, where the judge who found appellant in contempt was to hear the § 9-15-14 claim against appellant, then the defendant in the § 9-15-14

claim, the affidavit in support of the recusal was legally sufficient. Approximately three months after this court decided *Houston*, the trial judge entered the order which is the subject of this appeal.

1. The State has moved to dismiss the appeal on the grounds that the order is not a final order and the issues raised have already been decided. Appellant is not requesting that we determine whether the trial court properly applied the reasonable doubt standard. Rather, appellant questions the appropriateness of the trial court's entry of any order in light of this court's decision in *Houston*. We find that this issue is properly reviewable. Accordingly, we deny the motion to dismiss.

2. In two enumerations of error, appellant contends that the trial court erred in entering the order pursuant to our direction in *Jones*, after the decision in *Houston*, reversing the trial court's denial of appellant's motion to recuse. Appellant also argues that *Houston* is inconsistent with *Jones*. We disagree with appellant. The entry of the order by the trial judge pursuant to our direction that the court state whether it applied the reasonable doubt standard did not require the trial judge to preside over any hearing or exercise any judicial discretion. It only required that the trial judge perfect the record by indicating whether he had applied the correct standard during an earlier hearing. We do not find that *Houston* barred the trial judge from answering the question we posed in *Jones* or that *Houston* is inconsistent with *Jones*. *Houston* expressly restricted the holding to the facts of that case, which involved only whether the trial judge should be recused from hearing the § 9-15-14 claim. Furthermore, it is clear from *Houston* that at the time *Houston* was decided, this court was aware of *Jones* and the direction given to the trial judge. One of the pivotal facts in *Houston* was that the trial judge to whom the motion to recuse was directed had earlier found appellant to be in direct criminal contempt of court. In *Houston*, the result was "necessary to maintain the confidence of the bar and the citizens of this state in the absolute integrity of the judicial system." *Houston*, supra at 389. Accordingly, we find no error with the trial court's entry of the order stating that the correct standard was applied in appellant's contempt case.

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED JUNE 22, 1992 —
RECONSIDERATION DENIED JULY 23, 1992 — 

*Jones, Brown, Brennan & Eastwood, Linda R. Greer*, for appellant.

*Taylor W. Jones*, pro se.

*Lewis R. Slaton, District Attorney, Richard E. Hicks, Carl P. Greenberg, Assistant District Attorneys*, for appellee.