A93A2608. STEPHENS v. IVEY et al.
(442 SE2d 248)

BEASLEY, Presiding Judge.

Plaintiff Stephens appeals from a judgment entered on a jury verdict in favor of defendants in an action for damages resulting from alleged civil rights violations. This litigation has been ongoing since July 1990. The gravamen of the complaint is that Stephens, an African-American, was wrongfully denied the right to rent space to operate an entertainment facility in defendants' shopping center because of his race. Additional facts will be developed when necessary to the disposition.

1. In enumeration of error 2, Stephens challenges the constitutionality of OCGA § 5-6-34 and USCR 25 as violative of the federal and Georgia constitutions. This appeal was originally filed in the Supreme Court, which on its own motion transferred it to this court. "The transfer of the case by the Supreme Court to this court is a final determination that no constitutional question was in fact properly raised or, if so raised, that it was not meritorious." *Krause v. Vance*, 207 Ga. App. 615, 622 (19) (428 SE2d 595) (1993).

2. In his first enumeration of error, Stephens contends that the court erred in denying three recusal motions "because the judge failed to recuse himself, failed to refer the motion to another judge, failed to grant the motion for disqualification, and failed to grant a certificate of immediate review."

Argument or authority are offered only with respect to the final motion to disqualify which was brought after Stephens and his attorney, Millard Farmer, had been held in contempt of court by the trial judge. The appeal from that contempt citation is also before this court. *In re Farmer*, 212 Ga. App. 372 (442 SE2d 251) (1994). Any assertion of error as to the first two motions to disqualify are abandoned under Court of Appeals Rule 15 (c) (2).

The trial judge's duty in ruling on a motion to recuse " 'will be limited to passing upon the legal sufficiency of the [accompanying] affidavit, and if, assuming all the facts alleged in the affidavit to be true, recusal would be warranted, then another judge must be assigned to hear the motion to recuse.' . . . [Cit.] . . . However, '(a)ny alleged prejudice or bias against the party's attorney rather than the party himself is not, per se, grounds for disqualification. . . .' [Cit.]" *Houston v. Cavanagh*, 199 Ga. App. 387, 388 (405 SE2d 105) (1991).

USCR 25.2 requires that the affidavit "state the facts and reasons

for the belief that bias or prejudice exists, being definite and specific as to time, place, persons and circumstances of extra-judicial conduct or statements . . . which would influence the judge and impede or prevent impartiality in that action. *Allegations consisting of bare conclusions and opinions shall not be legally sufficient to support the motion or warrant further proceedings.*" (Emphasis supplied.)

The trial court determined that several of the proffered grounds were untimely under USCR 25.3 and would not be considered. Since that portion of the ruling is unchallenged, it does not require our consideration. With respect to the remaining grounds, the court concluded that the "affidavit fails to clearly state facts and reasons sufficient to warrant and support a belief that a bias or prejudice exists." It found the affidavit in support of the recusal motion to be thus legally insufficient.

The motion asserts a variety of allegations, much of which consist of ad hominem attacks on attorney William Campbell, then a city councilman, and other opposing counsel. They are not grounds for recusal of the judge. As to those which are directed at the court, very little in the way of factual material is stated. Isolating fact from "conclusions and suspicions" and mere dissatisfaction with the court's rulings, what is left are allegations that the court engaged in an ex parte conversation with defendants' counsel. This was explained under oath by Mr. Campbell as entering chambers to inquire if a hearing was to be held that morning since he found the courtroom empty; no further discussion ensued. It is alleged that the court on a variety of occasions "knowingly made untruthful statements." The purportedly false statements are neither identified nor are they supported by a factual basis.

Stephens' assertion that *Houston*, supra, mandates recusal is without merit. That decision was limited to the "extremely rare [situation] . . . in which the judge who found the attorney in contempt in the underlying case is to hear [a] § 9-15-14 claim against the same attorney who now stands as a defendant in [the] § 9-15-14 claim, the affidavit in support of recusal was [held to be] legally sufficient." Id. at 389.

"To warrant disqualification of a trial judge the affidavit supporting the recusal motion 'must give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment.' [Cits.]" *Jones v. State*, 247 Ga. 268, 271 (4) (275 SE2d 67) (1981). Stephens has not established a legally sufficient affidavit so as to require a recusal hearing before another judge. Id.; USCR 25.3.

Any complaint concerning failure to grant a certificate of review is abandoned under Court of Appeals Rule 15 (c) (2).

3. The third enumeration of error involves an alleged *Batson/Edmonson* violation.

Stephens asserted a timely *Batson* challenge. See *Calhoun v. Purvis*, 206 Ga. App. 565 (2) (425 SE2d 901) (1992). Counsel argued that defendants exercised four of their six peremptory strikes against African-American individuals. Stephens also objected to the exercise of three strikes in a racially discriminatory manner with respect to the alternates; the court agreed and granted relief. The challenge is now directed only to the panel of 12.

Assuming the establishment of a prima facie case of discrimination, the proffered explanation determines whether racially neutral criteria were given for the strikes. *Strozier v. Clark*, 206 Ga. App. 85 (3) (424 SE2d 368) (1992).

Defendants explained that the first juror was stricken because she knew of Mr. Farmer, she had been a plaintiff in a lawsuit, and counsel did not like her responses concerning a business she had operated. The second juror was stricken because he did not show the business acumen counsel believed necessary to an understanding of the case. He was not knowledgeable about basic business matters, e.g., a landlord requiring a security deposit. The third juror was stricken because she demonstrated a lack of loyalty to her employer and counsel "didn't like that as a trait in a juror." The fourth juror was stricken because he had "literally the exact same occupation as Mr. Stephens," and counsel thought he might be "overly sympathetic." The court granted the *Batson* motion with respect to the third juror and placed her on the jury. The three remaining strikes were upheld on the ground that defendants had established racially neutral reasons for their exercise. Defendants' explanation for the three remaining strikes "sufficiently showed 'that discriminatory purpose was not involved.' [Cit.]" *Gamble v. State*, 257 Ga. 325, 326 (5) (357 SE2d 792) (1987).

Although Stephens further contends that the court failed to make proper findings as to "whether the defense had successfully rebutted the prima facie showing of discrimination," he did not assert this complaint below and invoked no ruling from the court. Such a finding is implicit in overruling the *Batson* objection. Harmful error has not been shown.

4. Stephens contends that the court abused its discretion in refusing to disqualify William Campbell as counsel for defendants when it was shown that Campbell (1) commented to plaintiff Stephens while the two were waiting for an elevator, "why would you hire this plantation mentality lawyer when there are plenty of black lawyers you could have hired"; (2) had an ex parte conversation with the court (described in Division 2 above); (3) used "verbal assaults" upon opposing counsel; (4) made false statements to the court; and (5) improperly conducted himself as a public official. He contends that these acts violated ethical guidelines and Stephens' rights to due pro-

cess and equal protection under the federal and Georgia constitutions.

"[T]he right to counsel is an important interest which requires that any curtailment of the client's right to counsel of choice be approached with great caution." *Blumenfeld v. Borenstein*, 247 Ga. 406, 408 (276 SE2d 607) (1981). "[I]n the absence of contrary evidence, it will be presumed that members of our State Bar have properly complied with the Bar's ethical directory and disciplinary rules." *Gene Thompson Lumber Co. v. Davis Parmer Lumber Co.*, 189 Ga. App. 573, 575 (1) (377 SE2d 15) (1988). Stephens has not established a sufficient factual basis for his allegations or that denial of his motion to disqualify constituted an abuse of the court's sound discretion. Id. He has failed, moreover, to demonstrate how the ruling deprived him of due process or equal protection under the law.

5. Stephens challenges an evidentiary ruling of the court disallowing on relevancy grounds matters which have occurred in this litigation since the time the lease was refused. He specifically sought to introduce evidence of "discrimination" displayed against him during discovery depositions in the litigation, and "discrimination . . . with reference to the employment . . . of Mr. Campbell in the case." The court sustained defendants' objection on grounds that the evidence is "irrelevant, immaterial and highly prejudicial"; it ruled that the only relevant inquiry is whether Stephens was wrongfully denied a lease based on his race. The trial court did not abuse its discretion in disallowing the evidence on relevancy grounds. See *Parker v. Clickener*, 193 Ga. App. 321, 325 (2) (387 SE2d 587) (1989).

*Judgment affirmed. Cooper and Smith, JJ., concur.*

DECIDED FEBRUARY 22, 1994 —
RECONSIDERATION DENIED MARCH 11, 1994 —

*Millard C. Farmer, Jr.*, for appellant.

*Heyman & Sizemore, William H. Major, William B. Brown, Ellis, Funk, Goldberg, Labovitz & Campbell, William C. Campbell*, for appellees.