A95A2500. IN RE ALVIN L. KENDALL.
(469 SE2d 836)

POPE, Presiding Judge.

Attorney Alvin Kendall appeals his conviction for contempt, which arose during his representation of a criminal defendant who was accused of violating animal protection laws.

The transcript shows that Kendall was first held in contempt for behavior which occurred during opening statements in the trial on

Tuesday, May 16, 1995. The State completed its opening statement, and Kendall began his opening statement for the defendant. During Kendall's opening, the State raised an objection and Kendall responded. After Kendall's response, the court warned that it did not want him arguing with the court. The jury was then removed from the courtroom.

While the jury was out of the courtroom, Kendall continued with his legal argument regarding the animal protection statute under which his client was charged. The court ruled that Kendall's line of argument was irrelevant. Kendall responded: "Your Honor, you cannot sit here and say it's irrelevant when the accusation —." The court explained that the court could say what it wanted; during the court's statement Kendall interrupted repeatedly. Kendall continued interrupting as the court stated that Kendall was in contempt of court. The court ordered Kendall to spend 48 hours in jail or to purge himself of the contempt by paying a $250 fine. Kendall requested counsel and a hearing on the contempt. The court stated that Kendall would be provided with counsel and that the court would arrange for another judge to hear the matter.

The jury returned to the courtroom, and the trial continued. Opening statements were completed, and witnesses were called.

During cross-examination of one of the State's witnesses the same day (Tuesday, May 16, 1995), Kendall posed questions regarding the statute which had been the subject of the earlier controversy. The State objected, the court sustained the objection, and the jury was sent out of the courtroom again. Kendall explained his position regarding the statute to the court and then stated: "[a]nd for the Court to sit here and try to make me —." At this point, the court stated: "Wait just one minute. Don't you ever use that term again, let the Court just sit here. You are now in contempt. I'm going to take a recess in this case until Friday morning. In the meantime you'll be confined in the County jail as of now."

Kendall asked for counsel, and the court stated that he was not entitled to it because the contempt was in the court's presence. The court then ordered that Kendall be removed from the courtroom. After Kendall was removed from the courtroom, the court explained[1] that Kendall had the right to appeal and to do so, he would need to put up a supersedeas bond. The court was made aware that Kendall planned to appeal the adjudication and would post a bond. The record does not contain any further documents from Tuesday, May 16, 1995. The trial resumed two days later, on Thursday, May 18, 1995,

---

[1] Although the person to whom the court explained this procedure was identified only as "Ms. Roberts," it appears that she was associated with Kendall's law firm.

with Kendall present. At that time, Kendall requested a mistrial based on the fact that his wife was hospitalized due to an inexplicable loss of eyesight. Kendall also moved to dismiss the jury on the grounds of the publicity surrounding the trial. Kendall stated that he had seen a TV report that same morning which reported that he had been held in contempt and thrown in jail. The court ordered the trial delayed for about one week.

The order regarding Kendall's contempt is signed by the same judge who presided over the trial and is dated July 19, 1995. It indicates that Kendall was found in contempt on May 16, 1995; there is no indication that a later hearing was held on the matter. The order directed that Kendall be confined in the Spalding County jail from July 28 until July 30, 1995, or that he purge himself of the contempt by paying $250 into the court's registry on or before July 27. Kendall filed his notice of appeal on July 27, 1995. There is no motion for supersedeas in the record.

1. Before examining Kendall's substantive arguments, we must resolve certain preliminary issues. The matter is complicated because the contempt arose from two separate incidents. After the first incident, the court found Kendall in contempt and imposed punishment. Nevertheless, the court then stated that a hearing would be held and that another judge would hear the matter. When the second incident occurred, the court summarily held Kendall in contempt, imposed punishment, and Kendall was removed from the courtroom.

From Kendall's conversation with the court, we ascertain that Kendall was immediately jailed for the second incident of contempt. Accordingly, the appeal regarding that adjudication is moot. See *Endicott v. Glynn County*, 235 Ga. 667 (2) (221 SE2d 431) (1975); *Cagle v. PMC Dev. Co. &c.*, 233 Ga. 583, 584 (212 SE2d 765) (1975).[2]

There is no indication from the record that Kendall was punished pursuant to the court's order for the first incident of contempt, and it appears that the court allowed the notice of appeal to serve as supersedeas. Accordingly, with respect to the first incident, we reach the merits of Kendall's arguments.

"We note at the outset that a trial court has broad authority to preserve order in the courtroom by use of the contempt power. The judicial power to punish for contempt is inherent and enables the courts to perform their functions, including preserving order in judicial proceedings. Nevertheless, in view of the nature of the power to punish for contempt, courts should limit their orders to the least possible exercise of power required, and should not impose punishment

---

[2] The proper procedure for preventing this point from becoming moot on appeal would be to obtain a supersedeas. See OCGA § 5-6-13.

without first affording minimum due process to the accused." (Citations omitted.) *In re Siemon*, 264 Ga. 641 (1) (449 SE2d 832) (1994).

It is clear from the transcript that, based on Kendall's conduct in the presence of and observed by the trial judge, Kendall was summarily adjudicated and punished for direct criminal contempt of court. See *In re Shafer*, 216 Ga. App. 725 (455 SE2d 421) (1995). "Implicit within the definition of direct, summary contempt is a finding that the conduct is in the presence of the trial court and results in an interference with the court's ability to administer justice. [Cits.]" *In re Adams*, 215 Ga. App. 372, 375 (1) (450 SE2d 851) (1994).

Kendall claims that the court erred by failing to conduct the hearing that he requested, and that the court promised, on the contempt. In *Dowdy v. Palmour*, 251 Ga. 135, 141 (2) (304 SE2d 52) (1983), our Supreme Court elaborated on the due process requirements in different situations involving contempt. "During trial, a trial judge has the power, when necessary to maintain order in the courtroom, to declare conduct committed in his presence and observed by him to be contemptuous, and, after affording the contemnor an opportunity to speak in his or her own behalf, to announce punishment summarily and without further notice or hearing. The carrying out of the punishment announced during trial may be postponed until after trial." Id. at 141-142 (2) (b). That case then set forth the due process requirements regarding instances in which the announcement of punishment is delayed.

Here, in the first instance of Kendall's contempt, the court announced punishment summarily, but also promised that Kendall would be allowed a hearing with another judge. Despite these assurances, it appears that no subsequent hearing was held. Given the nature of the contempt, the court's promises regarding a later hearing were not necessary. Nevertheless, because the court did not hold the hearing and announced punishment summarily, it was incumbent upon the court to afford Kendall an opportunity to speak in his own behalf. Because the court failed to do this, the judgment insofar as it relates to the first incident of contempt must be reversed. Compare *In re Harvey*, 219 Ga. App. 76, 79 (464 SE2d 34) (1995); *In re Farmer*, 212 Ga. App. 372, 374 (1) (442 SE2d 251) (1994); see *In re Spruell*, 200 Ga. App. 218, 228 (407 SE2d 451) (1991).

2. Because of our conclusion, we need not address Kendall's argument that the court's order was insufficient.

*Judgment reversed. Beasley, C. J., and Ruffin, J., concur.*

DECIDED MARCH 12, 1996.

*Alvin L. Kendall,* pro se.

*Griffin E. Howell III, Solicitor,* for appellee.

