## A00A0101. LIBERTY MUTUAL INSURANCE COMPANY et al. v. JOHNSON et al.
### (535 SE2d 511)

MILLER, Judge.

The questions on appeal are threefold. First, on a motion to recuse, is the accompanying affidavit legally sufficient where it alleges that the bias of the judge arises from having previously ruled on an issue that is now before the judge again? Second, when pursuing its subrogation rights, is a workers' compensation insurer entitled to a jury trial on the question of whether the injured employee has been fully and completely compensated under OCGA § 34-9-11.1 (b)? And third, did the insurer's evidence here mandate as a matter of law that a settlement of $3.2 million (plus approximately $500,000 in workers' compensation benefits) fully and completely compensated the estate of the quadriplegic employee (now deceased) and his family? Because we answer each of these questions in the negative, we affirm the trial court's judgment against the insurer.

As the result of an auto collision, Herbert Earl Johnson experienced severe and disabling injuries, including quadriplegia, loss of control of his bladder and bowels, and multiple fractures and dental injuries. Because the collision occurred while he was working for Mitchell Construction Company, he received nearly $500,000 in workers' compensation benefits from Liberty Mutual Insurance Company. Within 16 months of the collision, he died. His estate and family sued the parties responsible for the collision for $7.5 million, asserting claims of negligence, wrongful death, and loss of consortium.

Following extensive settlement negotiations, plaintiffs settled the case for $3.2 million, apportioned equally between the claims of the estate and the wrongful death claims. Although the settlement documents did not specify what portion of the amount applied to economic losses as opposed to noneconomic losses, plaintiffs' initial settlement demand of $8 million did include special damages of approximately $1.9 million ($700,000 in medical expenses and $1.2

million — present value — in lost wages). After an evidentiary hearing, the court approved the settlement and made the finding that the $3.2 million amount plus the workers' compensation benefits did not fully and completely compensate plaintiffs for the losses resulting from Johnson's injuries and death.

Liberty Mutual and Mitchell Construction, which were not parties to nor present at the settlement approval hearing, asserted a subrogation lien on the settlement proceeds under OCGA § 34-9-11.1 (b) and moved to intervene, which motion the court granted. They immediately moved to recuse the judge on the ground that in their absence he had already made a finding contrary to their interests, and they also requested a jury trial. Overruling both the recusal motion and the jury request, the judge held an evidentiary hearing on the question of subrogation rights and ruled that Liberty Mutual and Mitchell Construction failed to prove that the $3.2 million settlement amount plus the approximate $500,000 in workers' compensation benefits fully and completely compensated plaintiffs for all the economic and noneconomic losses resulting from the injuries to Johnson. Because Liberty Mutual and Mitchell Construction recovered nothing from the settlement proceeds, they have appealed.

1. Appellants first complain that the court erred in denying their recusal motion. Uniform Superior Court Rule 25.3 provides that when presented with a motion to recuse, the judge shall immediately determine the legal sufficiency of the accompanying affidavit which asserts the factual basis for the motion. If the facts asserted in the affidavit, even if taken as true, do not support a charge of bias sufficient to warrant recusal, the affidavit is legally insufficient, and the judge should deny the motion.[1]

To justify recusal, "the alleged bias must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case."[2] Thus, "[s]imply because the judge had approved the [disputed previous] order in this case would not show bias or prejudice so as to prevent his reviewing his action fairly and impartially."[3] Otherwise, no judge could ever rule on a motion to reconsider a previous order. Here the only bias alleged in the affidavit was that the judge, based on what he learned in the first evidentiary hearing, had previously ruled adversely to appellants' interests. As this was legally insufficient, the judge correctly denied the motion to recuse.

---

[1] *Berry v. State*, 267 Ga. 605, 607-608 (3) (481 SE2d 203) (1997); *Gibson v. Decatur Fed. Sav. &c. Assn.*, 235 Ga. App. 160, 166 (3) (508 SE2d 788) (1998).

[2] (Citations and punctuation omitted.) Id.; see *Berry*, supra, 267 Ga. at 607 (3).

[3] *Daniel v. Yow*, 226 Ga. 544, 546 (2) (176 SE2d 67) (1970).

Appellants cite *Houston v. Cavanagh*[4] for the proposition that an earlier ruling based on participation in the case may constitute bias. But *Houston*, which concerned a hearing on an OCGA § 9-15-14 claim against an attorney whom the judge had earlier found in contempt, expressly restricted its holding to its rare facts,[5] a restriction we have assiduously enforced.[6]

2. OCGA § 34-9-11.1 (b) grants a subrogation lien to the employer and the workers' compensation insurer on any monies received by the injured employee from the responsible third parties but allows recovery on the lien only if the employee has been fully and completely compensated. Appellants contend that they had a right to a jury trial on the question of whether the settlement amount and the workers' compensation benefits fully and completely compensated Johnson's estate and family.

The Georgia constitutional right to a jury trial[7] merely guarantees the continuance of the right as it existed at common law or by statute at the time the constitution was originally adopted.[8] Just as the right did not apply to cases arising under the later-adopted workers' compensation statutory scheme,[9] it does not apply to the 1992 act amending that statutory scheme to create a subrogation lien recoverable only if an employee was fully and completely compensated, yet prescribing no method for making that determination.[10] Thus, in the absence of a right to a jury trial on this issue, the question is one of fact for the trial court.[11]

The court did not err in denying appellants' request for a jury trial on this issue.

3. Finally, appellants argue that the evidence demanded a finding that Johnson's estate and family were fully and completely compensated for the economic and noneconomic losses resulting from Johnson's injuries. Appellants claim that because they did not concede that Johnson's death resulted from the injuries, the court could

---

[4] 199 Ga. App. 387 (405 SE2d 105) (1991).

[5] Id. at 389.

[6] See *Stephens v. Ivey*, 212 Ga. App. 407, 408 (2) (442 SE2d 248) (1994); *In re Jones*, 205 Ga. App. 166, 167 (2) (421 SE2d 538) (1992).

[7] Ga. Const. of 1983, Art. I, Sec. I, Par. XI (a) ("[t]he right to trial by jury shall remain inviolate. . . .").

[8] *Metro. Cas. Ins. Co. &c. v. Huhn*, 165 Ga. 667, 672 (2) (142 SE 121) (1928); see *Smith v. Milliken & Co.*, 189 Ga. App. 897, 898 (2) (377 SE2d 916) (1989).

[9] *Huhn*, supra, 165 Ga. at 673 (3).

[10] OCGA § 34-9-11.1 (b) (Ga. L. 1992, p. 1942, § 2); see *Bartow County Bd. of Ed. v. Ray*, 229 Ga. App. 333, 334 (494 SE2d 29) (1997) ("[t]he statute prescribes no method by which an employer can establish that a workers' compensation recipient has been fully and completely compensated. . . .").

[11] See, e.g., *Sommers v. State Compensation Ins. Fund*, 229 Ga. App. 352, 355 (4) (b) (494 SE2d 82) (1997); *Bartow County*, supra, 229 Ga. App. at 333-334 (approving use of a special verdict form).

not consider the future lost wages as part of the economic damages.

Appellants misapprehend the burden of proof. As lien claimants, *they* bore the burden of establishing that the plaintiffs had been fully and completely compensated.[12] Thus, *appellants* bore the burden of showing that the death within 16 months of the collision, for which death the family had been compensated by the third parties responsible for the accident, was not a part of the losses resulting from the collision. Moreover, plaintiffs adduced opinion evidence that even the entire settlement amount of $3.2 million would not have fully compensated for the losses associated with the physical injuries alone, before accounting for the death. Because there was some testimony that the settlement amount plus the workers' compensation benefits did not fully and completely compensate plaintiffs,[13] we will not disturb the court's factual determination to that effect.[14]

*Judgment affirmed. Pope, P. J., and Smith, P. J., concur.*

DECIDED JUNE 7, 2000.

*Barrow, Sims, Morrow, Lee & Gardner, Charles W. Barrow, Christine J. Bedingfield*, for appellants.

*Ashman, Lasky & Cooper, Charles R. Ashman, Jeffrey W. Lasky*, for appellees.

---

[12] See id. at 335.

[13] Appellants' hearsay objections to plaintiffs' introduction of a video at the bench trial are of little import, as it is presumed that the judge as the trier of fact distinguished between competent and incompetent evidence. See *Corsini v. State*, 238 Ga. App. 383, 385 (2) (519 SE2d 39) (1999).

[14] See *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646) (1994) (when the judge sits as the trier of fact, his factual findings should not be disturbed if there is any evidence to support them); *In re Estate of Wilson*, 236 Ga. App. 496, 498-499 (1) (512 SE2d 383) (1999).