### A02A1920. IN RE WILLIS.
(576 SE2d 22)

SMITH, Presiding Judge.

Greg Willis appeals from the order of the trial court holding him in contempt and sentencing him to serve four days in custody. Willis contends that the evidence was insufficient to support the contempt order and that his right to due process was violated when the trial court pronounced sentence without holding a hearing. We find no error and affirm.

Willis, an attorney, was representing a client on a charge of DUI in the City Court of Atlanta. The case had been continued three times previously, twice at the request of the defense. One of those continuances was to accommodate the defense's expert witness. On the day of trial, Willis requested another continuance, this time because a new expert witness, who was under subpoena, had another court commitment in Tennessee, which had priority. In his proffer, Willis informed the court that the expert was a toxicology professor at the University of Tennessee who would testify about blood alcohol concentration. Willis stated that the expert would also testify that alcohol has no odor and that odor is not necessarily related to impairment. Willis's client was charged under OCGA § 40-6-391 (a) (1) with being a less safe driver. Willis argued that the expert's testimony was relevant and material because the State did not have blood or other scientific tests but would present witnesses who would testify that the defendant smelled of alcohol. The prosecution objected to the continuance, pointing out that although the witness was under subpoena, the defense had not shown that the witness resided within 100 miles of Atlanta, that his testimony was material, or that the defense would be able to procure the witness's testimony at the next term of court, all of which are required to be shown under OCGA § 17-8-25. The prosecution also objected on the ground that the absent witness's testimony was not relevant to the issues in the case.

The trial court denied the continuance, and when Willis refused

to proceed without the expert witness, the court held him in direct criminal contempt under OCGA § 15-1-4 (a) (2). The court directed that he be incarcerated immediately and ordered him to serve four days in custody. Willis was transported immediately to the jail. Later that day, upon application by another member of his firm, Willis was granted bond.

1. OCGA § 15-1-4 (a) (2) provides that the courts have power "to issue attachments and inflict summary punishment for contempt of court" for the "[m]isbehavior of any of the officers of the courts in their official transactions." Willis contends the evidence was insufficient to support the finding of contempt under OCGA § 15-1-4 (a) (2) because no evidence was presented of "misbehavior" in his "official transactions." We do not agree.

Willis argues that because the trial court specified this particular subsection of the statute, we must review the finding of contempt under that subsection only. It is unclear why Willis maintains that his conduct was not "misbehavior" in his "official transactions." If Willis's argument is a tacit admission that his conduct violated subsection (a) (3) of the statute by disobeying a lawful order of the court, his logic is flawed. As an attorney, Willis is an officer of the court. While representing a client in the courtroom, an attorney is performing an "official transaction." And Willis's disobedience obstructed the administration of justice because the court was unable to proceed with the trial. It is clear, therefore, that in addition to violating subsection (a) (3) of the statute, Willis also violated subsection (a) (2). The trial court could have held Willis in contempt under either subsection.

Although Willis employs much of his brief arguing that the trial court should not have denied the continuance, that issue is not relevant here. Willis has not appealed the ruling denying the continuance, and it is irrelevant to the issue he *has* appealed whether he believed that his disregard of the court's order was justified. Even if he is correct, his remedy was to obey the order to proceed with the trial and then appeal the trial court's denial of the continuance. "In every case where a person is charged with contempt of court for alleged violations of a court's order, . . . it must be obeyed[,] however wrong it may be[,] until the order is superseded or vacated." (Punctuation and footnotes omitted.) *Atlanta Journal-Constitution v. Jewell*, 251 Ga. App. 808, 809 (1) (555 SE2d 175) (2001). The evidence shows clearly that Willis disobeyed the judge's order to proceed. In doing so, he "disrupted court proceedings and interfered with the orderly administration of justice." (Citations and punctuation omitted.) *Barlow v. State*, 237 Ga. App. 152, 157 (4) (513 SE2d 273) (1999).

2. Willis maintains that his right to due process of law was violated because the trial court did not give him a chance to speak with

an attorney before being found in contempt or to be heard and present mitigating evidence after the court found him in contempt but before it pronounced sentence. We do not agree.

Willis points out that in *Dowdy v. Palmour*, 251 Ga. 135 (304 SE2d 52) (1983), the Supreme Court of Georgia held that the minimum due process required includes the right to notice of the charges of contempt and a hearing. Id. at 142 (2) (d). Unlike the situation here, though, announcement of the punishment in *Dowdy* for the contumacious conduct was not announced immediately but was delayed until the end of the trial. Id. In *Barlow*, supra, the facts were more similar to those in this case. Attorneys refused to try a case after a continuance was denied and were held in contempt and sentenced immediately to serve ten days in jail. We held there that because the contempt occurred in the presence of the court and hindered the orderly processes of the administration of justice, it was "exempt from the due process requirements of notice and hearing." (Citation and punctuation omitted.) Id. at 156 (2). That is the essence of direct contempt.

> During trial, a trial judge has the power, when necessary to maintain order in the courtroom, to declare conduct committed in his presence and observed by him to be contemptuous, and, after affording the contemnor an opportunity to speak in his or her own behalf, to announce punishment summarily and without further notice or hearing.

*Dowdy*, supra at 141-142 (2) (b).

Here, the trial court explicitly stated that a summary contempt hearing was being held. He gave Willis the opportunity to explain why he should not be held in contempt. The trial court simply refused to revisit the issue of the continuance after hearing argument earlier on that issue and ruling on the motion.

The trial court did not deny Willis the right to counsel. When Willis asked if he could call an attorney, the trial court responded: "You're welcome to. You're certainly welcome to. I'm not going to wait on an attorney to get down here." But no right to counsel exists at a summary contempt hearing. *In re Longino*, 254 Ga. App. 366, 370 (5) (562 SE2d 761) (2002). Willis's due process rights were not violated.

*Judgment affirmed. Eldridge and Ellington, JJ., concur.*

DECIDED DECEMBER 17, 2002.

*Head, Thomas, Webb & Willis, William C. Head,* for appellant.

*Joseph J. Drolet, Solicitor-General, Julie A. Kert, Assistant Solicitor-General*, for appellee.