## A04A1976. COLEMAN v. THE STATE.

(605 SE2d 424)

ANDREWS, Presiding Judge.

Thomas Coleman appeals after being found in contempt of court. Because the trial court did not allow Coleman an opportunity to be heard before summarily announcing punishment, we reverse.

This case arose when Coleman went to the City Court of Atlanta to contest a traffic citation. It was announced that everyone in the courtroom was to turn off all cell phones. Coleman's cell phone was not turned off and rang during court proceedings. The judge told the bailiff to confiscate Coleman's cell phone. Coleman refused to give up his cell phone without a receipt. According to the order finding Coleman in contempt, the judge told Coleman a second time to give his phone to the bailiff and he refused, leaving the courtroom instead. The judge sent the courtroom deputy after Coleman and after Coleman came back into the courtroom, held him in contempt. The judge initially sentenced Coleman to 365 days probation, a $200 fine and 100 hours of community service. The sentence was subsequently changed to eliminate the 365 days probation.

Coleman raises several enumerations of error on appeal, but we need only address his claim that he was sentenced without an opportunity to be heard.

> During trial, a trial judge has the power, when necessary to maintain order in the courtroom, to declare conduct committed in his presence and observed by him to be contemptuous, and, after affording the contemnor an opportunity to speak in his or her own behalf, to announce punishment summarily and without further notice or hearing.

*In re Willis*, 259 Ga. App. 5, 7 (576 SE2d 22) (2002), citing *Dowdy v. Palmour*, 251 Ga. 135, 141-142 (304 SE2d 52) (1983).

Here, the transcript shows that the trial court sentenced Coleman without giving him an opportunity to speak or explain why he

should not be held in contempt. Because this was a summary criminal contempt hearing, it was incumbent upon the court to afford Coleman an opportunity to be heard. *In re Kendall*, 220 Ga. App. 591, 594 (469 SE2d 836) (1996). The court failed to do so, and the judgment of contempt must be reversed.

*Judgment reversed. Miller and Ellington, JJ., concur.*

DECIDED OCTOBER 1, 2004.

*McNeill Stokes*, for appellant.
*Joseph J. Drolet, Solicitor-General, James L. Yeargan, Jr., Assistant Solicitor-General*, for appellee.