**SECOND DIVISION**
**ANDREWS, P. J.,**
**MILLER and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**November 16, 2015**

# In the Court of Appeals of Georgia

A15A1616. IN RE: SPRAYBERRY.

BRANCH, Judge.

While Lauren King Sprayberry was appearing as counsel at a motions calendar in a trial court, her cell phone began to vibrate. The trial court held her in criminal contempt and imposed a fine of $25. On appeal, Sprayberry argues that she was not afforded an opportunity to be heard and that the evidence did not support the judgment. We agree with the first of these contentions and therefore reverse.

"[T]he contempt power is inherent in every court and, as such, is not subject to abridgement or restriction by the Legislature." *In re Jefferson*, 283 Ga. 216, 217 (657 SE2d 830) (2008), citing *Bradley v. State*, 111 Ga. 168, 170 (1), (2) (36 SE 630) (1900). "'[T]he broad authority of a judge to preserve good order in the courtroom by the use of contempt power is well recognized and must be preserved if the courts are

to perform their public duty.'" *Jefferson*, 283 Ga. at 217 (footnote omitted), quoting *Garland v. State*, 253 Ga. 789, 791 (2) (325 SE2d 131) (1985). "Where misconduct occurs in open court, the affront to the court's dignity is more widely observed, justifying summary vindication." *Ramirez v. State*, 279 Ga. 13, 15 (2) (608 SE2d 645) (2005) (punctuation and footnote omitted).

> During trial, a trial judge has the power, when necessary to maintain order in the courtroom, to declare conduct committed in his presence and observed by him to be contemptuous and, *after affording the contemnor an opportunity to speak in his or her own behalf*, to announce punishment summarily and without further notice or hearing.

*Dowdy v. Palmour*, 251 Ga. 135, 141-142 (2) (b) (304 SE2d 52) (1983) (footnote omitted; emphasis supplied), quoting *In re Kendall*, 220 Ga. App. 591, 594 (1) (469 SE2d 836) (1996); see also *In re Willis*, 259 Ga. App. 5, 7 (2) (576 SE2d 22) (2002). "Nevertheless, in view of the nature of the power to punish for contempt, courts should limit their orders to the least possible exercise of power required, and should not impose punishment without first affording minimum due process to the accused." *In re Siemon*, 264 Ga. 641 (1) (449 SE2d 832) (1994) (citations omitted).

The record shows that on February 26, 2015, during the calling of a criminal motion calendar, Sprayberry's cell phone began to vibrate. When Sprayberry

apologized, the trial court said, "We'll deal with Ms. Sprayberry" and opined that "the Obama White House [was] calling" to offer her "a position with the Federal Public Defender's Office paying a hundred and fifty thousand a year." The trial court then ordered bailiffs to "cut the thing off" and "put that thing outside somewhere."

After the conclusion of other business, the trial court returned to the matter of Sprayberry's cell phone. As Sprayberry repeated that "all I did was stop it from vibrating," the trial court interrupted her to say that on the same morning, in drug court, the court had notified counsel that they would be fined $50.00 for any cell phone that disrupted the proceedings.[1] As the prosecutor confirmed that this rule had been set that morning, Sprayberry stated that the matter had not been discussed in drug court that morning and repeated that her phone had only vibrated. The trial court then said that "since [Sprayberry] had [the phone] on . . . vibrate," it would "reduce [the fine] to [$25]." When Sprayberry protested that she didn't think that she "should get a fine at all," the prosecutor noted that the trial court had already "hit the gavel."

---

[1] See OCGA § 15-6-8 (5) (a superior court has the power to punish acts of criminal contempt "by fines not exceeding $1,000.00, by imprisonment not exceeding 20 days, or both"); *Murtagh v. Emory Univ.*, 321 Ga. App. 411, 415 (2) (741 SE2d 212) (2013) ("criminal contempt imposes unconditional punishment for prior acts of contumacy, whereas civil contempt imposes conditional punishment as a means of coercing future compliance with a prior court order.") (citations punctuation and emphasis omitted).

3

When Sprayberry again protested, the trial court noted that Sprayberry "may be like me" in that "her mama or her daddy might have spoiled her" and then adjourned the proceedings.

One minute later, Sprayberry succeeded in reestablishing a record and explained that if she didn't keep her phone on vibrate mode, she would not be able to communicate with her office. The trial court responded that "[a]ll you got to do is pay your fine" and refused any further discussion, twice saying, "The best thing to do is not talk about it." On the same day, the trial court entered an order finding that Sprayberry had allowed her telephone to ring during court and imposing a fine of $25.

1. On this record, we cannot say that the trial court afforded Sprayberry any meaningful opportunity to be heard. The trial court was conducting a motions hearing, not a trial, such that a short time could have been spent allowing her to offer an explanation to the court before it reached judgment as to her contempt. The transcript also shows that the trial court repeatedly interrupted Sprayberry as she attempted to explain herself, with the result that the question whether she had notice of the rule barring cell phones, which had been promulgated by the court only that morning, remained unexplored. "Because this was a summary criminal contempt hearing, it was incumbent upon the court to afford [Sprayberry] an opportunity to be

4

heard" on this issue. *Coleman v. State*, 269 Ga. App. 827 (605 SE2d 424) (2004) (citation omitted). The trial court failed to provide Sprayberry with such an opportunity, with the result that the judgment of contempt against her must be reversed. *Coleman*, 269 Ga. App. at 827 (reversing judgment of contempt against attorney who twice refused to turn over his cell phone, which had interrupted proceedings, without a receipt, and who was held in contempt without a hearing when he returned to the courtroom); *Kendall*, 220 Ga. App. at 594 (1) (reversing judgment of contempt because where trial court erred in failing to hold a hearing as promised and in announcing punishment summarily; "it was incumbent upon the court to afford Kendall an opportunity to speak in his own behalf").

2. Given our disposition of Division 1, we need not address the sufficiency of the evidence supporting the trial court's judgment. *Coleman*, 269 Ga. App. at 827; *Willis*, 259 Ga. App. at 7.

*Judgment reversed. Andrews, P. J., and Miller, J., concur*.

5